MOORE MOTORS, INC., Elizabeth
Mahoney and Anne M. Wilcox,
Appellants,

v.

Rose W. BEAUDRY, Gerald J. Beaudry
and Vera W. Sanzo, Appellees.

Superior Court of Pennsylvania.

Filed April 26, 2001.

Lewis R. Olshin, Malvern, for appellant.

Marshall J. Walthew, Philadelphia, for appellee.

Before CAVANAUGH, JOHNSON and STEVENS, JJ.

PER CURIAM:

¶ 1 This appeal has been taken by plaintiffs from the January 9, 2001 order that, *inter alia*, granted appellees' motion for partial summary judgment as to all nine counts of appellants' complaint. The court also granted summary judgment to all defendants against all plaintiffs as to Count I of defendant's counterclaim. The complaint sounded in contract for breach of an obligation to transfer shares of stock in a closely held corporation. The counterclaim sought a declaratory judgment to effect the transfer of the stock (Count I) and money damages on theories of tort liability (Counts II and III). Appellees-defendants have filed a motion to quash this appeal as interlocutory.

¶ 2 "A final order is any order that disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). The Note to Rule 341 further provides:

> The following is a partial list of orders **previously interpreted by the courts as appealable final orders under Rule 341 that are no longer appealable as of right** unless the trial court or administrative agency makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Rule 341(c):
>
> (2) an order **dismissing a complaint** but leaving pending a counterclaim.

Pa.R.A.P. 341, Note (emphasis supplied).

¶ 3 The order in question granted appellees' motion for partial summary judgment

on all counts of appellants' complaint, but only as to Count I of their counterclaim; Counts II and III of the counterclaim remain pending in the trial court. Appellants, in their answer to the motion to quash, aver that since Count I of the counterclaim sought declaratory judgment, the January 9th order was final and appealable. *See* Pa.R.A.P. 341(b)(2) (a final order is any order that is expressly defined as final by statute); 42 Pa.C.S. § 7532 General Scope of Declaratory Remedy (declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree); *Redevelopment Auth. of Cambria County. v. International Ins. Co.,* 454 Pa.Super. 374, 685 A.2d 581 (1996) (Superior Court had jurisdiction to hear appeal from order entered in declaratory judgment action, which had force and effect of final order).

¶ 4 Appellees' counterclaim contained three counts: Count I—Declaratory Judgment; Count II—Civil Conspiracy (Damages); Count III—Tortious Interference with Contractual Relations (Damages). In *Bolmgren v. State Farm Fire and Cas. Co.,* 758 A.2d 689 (Pa.Super.2000), this court addressed the appealability of an order granting partial summary judgment on three counts of a four-count complaint; Counts I and III sought declaratory judgment and Count IV sought punitive damages, attorney fees, interest and costs. This court distinguished *Redevelopment Authority of Cambria County, supra,* found the order on appeal to be interlocutory and quashed the appeal:

> Although the [Declaratory Judgment] Act provides that the declaration shall have the "force and effect of a final judgment or decree", this partial adjudication does not become appealable merely because it is cast in the form of a declaratory judgment. Appellee's complaint in his matter, although captioned

a declaratory judgment, sought ordinary civil relief and remedies in the form of a declaration of coverage **and** damages. Her request for further relief, in the form of damages, has yet to be determined.

*Bolmgren,* 758 A.2d at 691 (emphasis in the original; footnote omitted).

¶ 5 We find this court's rationale as espoused in *Bolmgren, supra,* persuasive and conclude that the January 9th order cannot be characterized as having disposed of all claims and parties. Consequently, we hold, that, absent an express determination of finality under Rule 341(c), the dismissal of a complaint with the concomitant dismissal of only one count of a multicount counterclaim is interlocutory and unappealable. *See Bell v. State Farm Mut. Auto. Ins. Co.,* 430 Pa.Super. 435, 634 A.2d 1137 (1993) (quashing appeal from order dismissing some, but not all count of a multicount complaint). Although appellants attempted to have the January 9th order certified pursuant to Rule 341(c), the trial court denied this request and therefore, this appeal must be quashed. *See Kuhn ex rel. Kuhn v. Chambersburg Hosp.,* 739 A.2d 198 (Pa.Super.1999) (appellants' failure to achieve an express determination under Rule 341(c) was fatal to this court's jurisdiction for that appeal); *Robert H. McKinney, Jr. Assocs., Inc. v. Albright,* 429 Pa.Super. 440, 632 A.2d 937 (1993) (mere fact that some counts of multicount complaint have been dismissed is insufficient reason to classify order as final under rule permitting express determination that immediate appeal would facilitate resolution of entire case). To hold otherwise would permit the kind of piecemeal litigation that the Supreme Court specifically tried to eliminate when it enacted Rule 341. *Techtmann v. Howie,* 720 A.2d 143 (Pa.Super.1998).

¶ 6 Appellees' motion to quash granted. Appeal quashed.