J-A17033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

CARLINO EAST BRANDYWINE, L.P., CHRISTINA B. WATTERS AND KATHERINE W. KETTLEY, CO-ADMINISTRATORS OF THE ESTATE OF FRANK WATTERS; AND CHRISTINA B. WATTERS AND KATHERINE W. KETTLEY, CO-ADMINISTRATORS OF THE ESTATE OF BEATRICE S. WATTERS, DECEASED

Appellees

v.

BRANDYWINE VILLAGE ASSOCIATES AND ASSOCIATES WHOLESALERS, INC.,

Appellant

APPEAL OF: BRANDYWINE VILLAGE ASSOCIATES

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 2558 EDA 2013

Appeal from the Order entered August 19, 2013
In the Court of Common Pleas of Chester County
Civil Division at No: 2011-05037-MJ

BEFORE:  GANTMAN, P.J., PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 20, 2014**

Brandywine Village Associates (BVA) appeals from an order[1] that granted the petition of Appellee, Carlino East Brandywine, L.P. (Carlino), for specific performance.  The order required BVA to adhere to the terms of a

---

[1] The order appealed contains three dates: the date the judge signed it, the date the prothonotary received it, and the date the prothonotary sent it to the parties.  The final date is the date of entry for purposes of appeal. Pa.R.A.P. 108(a)(1); Pa.R.C.P. No. 236(a)(2).

1994 Cross Easement Agreement (Agreement), connect its property to a public sewer, and disconnect from the private sewer system it maintained on Carlino's property as permitted by the Agreement. We conclude *sua sponte* that the trial court's order is interlocutory and therefore not appealable. Accordingly, we quash this appeal for lack of jurisdiction.

At the outset, multiple procedural irregularities, contradictory trial court orders, and the absence of many documents from the certified record have hampered our review of this case. This case originally involved two separate declaratory judgment actions filed by Carlino and BVA against each other. On September 28, 2011, the trial court issued an order completely merging the two declaratory judgment actions. The trial court also consolidated the combined declaratory judgment actions with a land use appeal for administrative purposes only. Though not referenced in the trial court's September 28, 2011 order, the land use appeal was actually two consolidated land use appeals. The September 28, 2011 order directed the parties to file all documents at one of the land use appeal dockets. After this appeal was filed, the trial court certified to this Court only the record of the declaratory judgment action—and not the record of the land use appeals. After the September 28, 2011 order, several documents were cross-filed to the declaratory judgment action, but many apparently were not.[2] On

---

[2] For example, Carlino requested leave of court to file a first amended complaint. The first amended complaint is not in the certified record.
*(Footnote Continued Next Page)*

September 20, 2012, the trial court issued a second consolidation order that—with no reference to the September 28, 2011 order or the land use appeal—directed that all documents be filed to the declaratory judgment docket. Fortunately, the petition giving rise to the order appealed from and all related documents were filed to the declaratory judgment action docket.

BVA and Carlino own side-by-side parcels of land abutting the Horseshoe Pike (U.S. Route 322) in East Brandywine Township, Chester County. To the east of BVA's eleven-acre property is North Guthriesville Road. Carlino's ten-acre property is immediately to the northwest of BVA's parcel. The two parcels were once owned by Frank and Beatrice Watters, who are now deceased.[3] BVA bought its property from them in 1994 and built a shopping center, Cropper's Food Market, one year later. Associated Wholesalers Inc., BVA's tenant, operates Cropper's Food Market. Carlino's land is not yet developed.

When the Watters sold BVA its land, the parties entered into the Agreement on June 24, 1994. The Agreement included several easements over the Watters' (now Carlino's) land for the benefit of BVA's land. The

_(Footnote Continued)_ _____

Additionally, on October 12, 2012, the trial court denied a motion for summary judgment filed by Carlino. The trial court's order references the motion, various responses and replies, and supplemental exhibits. None of these documents are in the certified record.

[3] Carlino is the equitable owner. The Watters' estates, represented by their executrices, are the legal owners. For convenience, we will refer to Carlino as the owner.

first, a Sewer System Easement, granted BVA the right to install and operate a private sewage treatment plant on Carlino's land. Agreement ¶ A. The second, an Access Easement, granted BVA the right to construct and use a driveway to allow ingress and egress from BVA's property to the Horseshoe Pike. *Id.* ¶ B. The third, a Stormwater Basin and Drainage Easement, allowed the construction of a retention basin to drain storm water from BVA's property and the access driveway. *Id.* ¶ C.

This appeal principally concerns the Sewer System Easement, which permitted BVA to build a sewage treatment plant on Carlino's land to handle the sewage from BVA's property, and provided for the sharing of operating costs. The Agreement also provided the Sewer System Easement would terminate if a publicly operated sewer system became available to service BVA's property.

Carlino's second amended complaint contains the following counts: (I) injunction and ejectment; (II) continuing trespass; (III) breach of contract; and (IV) "declaratory judgment/specific performance re: sewer cross easement." BVA filed preliminary objections to the second amended complaint. While the preliminary objections were pending, Carlino filed a "Petition for Specific Performance" of the Agreement regarding the Sewer System Easement.[4] The trial court issued a rule to show cause, to which

_____

[4] We are unsure how the trial court had authority to entertain a petition that sought entry of partial judgment before the pleadings were closed. *Cf.*
*(Footnote Continued Next Page)*

BVA filed an answer. The parties took depositions and filed memoranda in support of their respective positions. After hearing oral argument, the trial court granted Carlino's petition by entering the following order:

> AND NOW, this 15th day of August, 2013, upon consideration of [Carlino's] Petition for Specific Performance of Easement Agreement[,] [Carlino's] Memorandum of Law in support of [Carlino's] Petition, the exhibits and deposition testimony of the Township Sewer Engineer Joseph Boldaz and Engineer Adam Brower[,] and all responses thereto [sic], it is hereby ORDERED and DECREED that:
>
> 1. [Carlino's] Petition for Specific Performance of Easement Agreement is GRANTED.
>
> 2. [BVA] is ORDERED to comply with the Sewer Easement Agreement under Section A11 of the Cross Easement Agreement and to Accomplish all the following:
>
>    a. Prepare all plans necessary for installing a sewer line to connect the Brandywine Village shopping center property to the East Brandywine Township Municipal Authority's public sewer system within sixty (60) days from the date of this Order.
>
>    b. File all necessary applications to obtain the necessary governmental permits and approvals required to connect the Brandywine Village Property to the Authority's public sewer system within thirty (30) days thereafter.
>
>    c. Prosecute all applications for permits and any other approvals diligently.
>
>    d. Upon physical connection of its property to the Authority's sewer system, and issuance by the

*(Footnote Continued)* ———————————

Pa.R.C.P. 1035.2 (requiring summary judgment requests to be made by motion after the relevant pleadings are closed). However, BVA did not object to any procedural irregularities.

Township and/or Authority, as applicable, of the permits and approvals to discharge sewage from its property to the said sewer system, within 30 days thereafter, [BVA] shall disconnect its property from the on-site wastewater facilities, including conveyance and disposal systems, located on the Watters' property, and decommission said system, but in no event more than 180 days after said permits, including governmental permits, if any, required to authorize such decommissioning and abandonment, are issued.

e. Cooperate with [Carlino], if necessary in their [sic] efforts to secure the necessary approvals to connect the Watters['] Property to the Authority's public sewer system.

f. Cease all interference with [Carlino's] and the Township's efforts to secure the necessary approvals to connect the Watters' Property to the Authority's public sewer system.

3. It is further ORDERED that this Court shall retain jurisdiction over this mater for purposes of enforcing the Easement Agreement.

Order, 8/19/13. This appeal followed.[5]

Before we reach the merits of this appeal, we must consider whether we have appellate jurisdiction. "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." ***Gunn v. Auto. Ins. Co. of Hartford, Conn.***, 971 A.2d 505, 508 (Pa. Super. 2009) (quotation omitted); ***see also Bailey v. RAS Autobody, Inc.***, 85 A.3d

---

[5] BVA also filed a petition for reconsideration. The trial court denied BVA's petition and stated in passing that the order granting specific performance was a "final order."

1064, 1067-68 (Pa. Super. 2014) (noting that this Court can inquire, "at any time, *sua sponte*, whether an order is appealable").

Only certain orders are appealable: (1) final orders, Pa.R.A.P. 341; (2) interlocutory orders as of right, Pa.R.A.P. 311; (3) interlocutory orders by permission, Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(c); and (4) collateral orders, Pa.R.A.P. 313. ***Bailey***, 85 A.3d at 1068 (quotation omitted). Final orders include some orders in declaratory judgment actions, which the Declaratory Judgments Act defines as final. Pa.R.A.P. 341(b)(2); 42 Pa.C.S.A. § 7532; ***compare Nationwide Mut. Ins. Co. v. Wickett***, 763 A.2d 813, 817 (Pa. 2000) (holding that "an order in a declaratory judgment action that either affirmatively or negatively declares the rights and duties of the parties constitutes a final order"), ***with U.S. Orgs. for Bankruptcy Alternatives, Inc. v. Dep't of Banking***, 26 A.3d 474, 478 (Pa. 2011) (holding that an order disposing of only some claims for declaratory relief is interlocutory and not final), ***and Pa. Banker's Ass'n v. Pa. Dep't of Banking***, 948 A.2d 790, 800 (Pa. 2008) (same). This court lacks jurisdiction over appeals taken from interlocutory, non-appealable orders. ***Motley Crew, LLC v. Bonner Chevrolet Co.***, 93 A.3d 474, 476 (Pa. Super. 2014).

Orders granting relief on some—but not all—claims are not final orders, unless a statute defines, or the trial court certifies the order as final. ***See*** Pa.R.A.P. 341(b); ***Druot v. Coulter***, 946 A.2d 708, 709-10 (Pa. Super. 2008) (*per curiam*) (quashing appeal from summary judgment order that did

not address defendants' counterclaims); *Moore Motors, Inc. v. Beaudry*, 775 A.2d 869, 869-70 (Pa. Super. 2001) (*per curiam*) (same).

We hold that the order appealed from is interlocutory and non-appealable. Although this case began as two declaratory judgment actions, Carlino later filed a second amended complaint including non-declaratory judgment claims: ejectment, an injunction, and damages for breach of contract. The order appealed from in this case granted specific performance, in response to a petition for specific performance. It did not declare rights under the Declaratory Judgments Act, even though Carlino improperly requested declaratory relief and specific performance in a single count of its second amended complaint.[6] Moreover, specific performance and declaratory relief are distinct remedies with distinct purposes.[7]

---

[6] A party requesting declaratory relief as ancillary relief must plead that request in a separate count of the complaint. Pa.R.C.P. Nos. 1020, 1602.

[7] "Specific performance is an equitable remedy that permits the court 'to compel performance of a contract when there exists in the contract an agreement between the parties as to the nature of the performance.'" *Lackner v. Glosser,* 892 A.2d 21, 31 (Pa. Super. 2006) (quoting *Geisinger Clinic v. Di Cuccio*, 606 A.2d 509, 521 (Pa. Super. 1992)) (emphasis removed). It is designed for situations where money damages would insufficiently remedy a breach of contract. *Id.* In contrast, declaratory judgment orders "declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S.A. § 7532. The Declaratory Judgments Act was designed to prevent objections that declaratory relief represents an advisory opinion. *Wickett*, 763 A.2d at 819 (Saylor, J., dissenting).

Carlino filed a petition for specific performance seeking relief on only one count of a multi-count complaint. In response, the trial court granted specific performance—not declaratory relief. Because the trial court's order granting specific performance is a partial adjudication, it is interlocutory and not appealable.[8] Therefore, this Court lacks jurisdiction to hear this appeal.

Appeal quashed.

_____

[8] To the extent that the order can be viewed as a declaratory judgment, we note that the law is unsettled as to whether it is appealable. The Supreme Court's **Wickett** line of cases stands for the proposition that an order in a **declaratory judgment action** is final unless it grants only partial declaratory relief. **See Bankruptcy Alternatives**, 26 A.3d at 478. In another line of cases, this Court has held that an order granting ancillary declaratory relief in a **civil action** is not final if non-declaratory judgment claims remain pending in the trial court. **See Bombar v. W. Am. Ins. Co.**, 932 A.2d 78, 85-86 (Pa. Super. 2007); **Moore Motors**, 775 A.2d at 869-70; **Cresswell v. Pa. Nat'l Mut. Cas. Ins. Co.**, 820 A.2d 172, 176 n.2 (Pa. Super. 2003); **Bolmgren v. State Farm Fire and Casualty Co.**, 758 A.2d 689, 691 (Pa. Super. 2000). **But see Pa. Servs. Corp. v. Tex. E. Transmission, LP**, --- A.3d ---, 2014 PA Super 164, 2014 WL 3721418, at *1-2 & n.1, 2014 Pa. Super. LEXIS 2317, at 1-3 & n.1 (filed July 29, 2014) (addressing the merits of an appeal from a declaratory judgment order where non-declaratory judgment claims remained pending). We need not now reconcile these cases, because the order in this case granted specific performance—not declaratory relief.

In addition, to the extent that the trial court ordered BVA to perform contractual obligations, the order is not an injunction appealable under Rule 311(a)(4). The trial court did not address Carlino's claim for an injunction, which is contained in a separate count of the second amended complaint.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2014