J-A26043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GALANTER TOMOSOVICH, LLC, FORMERLY KNOWN AS FARNETH TOMOSOVICH, LLC | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| | : | No. 762 WDA 2018 |
| JOHN P. COSEY | : : | |

Appeal from the Order Entered May 7, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. AR-18-000614

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 19, 2018**

Galanter Tomosovich, LLC, formerly known as Farneth Tomosovich, LLC (Appellant) appeals from the order: (1) directing the court clerk to discontinue with prejudice its claim against John P. Cosey (Cosey) and marking the docket settled; and (2) ordering that "the docket shall remain open" for the adjudication of the petition to intervene filed by George R. Farneth II, Esquire (Farneth).  Upon review, we quash this appeal as interlocutory.

Appellant is a law firm.  Farneth is a former partner of Appellant, and Cosey is a former client of Appellant.  The trial court observed that "the real dispute is between the Law Firm and its former partner."  Trial Court Opinion, 6/20/18, at 1.

Appellant represented Cosey in a matter that ultimately settled for

$150,000. Farneth left the firm after the case settled. A first disbursement of $75,000 was made to Appellant, who kept $25,000 for its contingency fee. The second disbursement, however, was sent to directly to Cosey. As the trial court stated, Cosey "is, unfortunately, in the awkward position of not knowing to whom he owes the money — either [Appellant] or [Farneth,] with whom [Cosey] worked during the handling of his case while the case and [Farneth] was with [Appellant]." *Id.* at 1-2.

On February 21, 2018, Appellant filed the underlying breach of contract action claim against Cosey, alleging that Cosey failed to pay it $25,000 toward its contingency fee. In defending the action, Cosey filed a motion for leave of court to pay the $25,000 into the trial court. The motion stated that Cosey "wishe[d] to pay the disputed proceeds of $25,000 into court and" requested the court to "apportion the total contingency fee between" counsel, all "without [Cosey] having any further involvement." Cosey's Motion for Leave of Court to Pay Disputed Proceeds into Court, 5/7/18, at 6. On the same day, Farneth filed a petition to intervene, arguing that he was entitled to part of the $25,000 contingency fee.

The trial court issued an order on May 7, 2018, which: (1) granted Cosey's motion and directed him to pay the disputed sum of $25,000 into the court; (2) ordered that the docket be marked "settled and discontinued with prejudice as to [Appellant's] claim against [Cosey]"; and (3) ordered the docket to "remain open until the pending Petition to Intervene has been

adjudicated." Order, 5/7/18. Appellant filed a notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925(b).

Pertinently, that same day, the trial court entered an order scheduling a hearing on Farneth's petition to intervene. The order also stated that "any other individual asserting a personal claim to the implemented proceeds may appear and assert such claims. If necessary, the Court will schedule a further Hearing to resolve such claims." Order, 5/7/18.

On June 13, 2018, this Court issued a rule upon Appellant to show cause why the appeal should not be quashed as interlocutory, stating, *inter alia*:

> As an outstanding matter remains pending, it appears the appeal is interlocutory pursuant to **Levitt v. Patrick**, 976 A.2d 581 (Pa. Super 2009) (the key inquiry in determination of finality of a judgment is whether there is any outstanding claim; if any claim remains outstanding then the order is generally not appealable subject to exceptions).

Order, 6/13/18.

As noted, the trial court ordered that the docket remain open for the adjudication of Farneth's petition to intervene. Appellant responded that the trial court terminated Appellant's right to any relief by directing that its claim against Cosey be marked settled and discontinued with prejudice. Appellant argued that although the order "scheduled a further hearing, presumably to distribute the funds deposited by [Cosey]," "it does not appear that [Appellant] will have a right to participate therein or to receive any benefit therefrom" due to the discontinuance of its claim. Appellant's Letter, 6/25/18, at 1. Having received Appellant's response, this Court on June 29, 2018

entered an order discharging the rule to show cause. We stated:

This ruling, however, is not binding upon this Court as a final determination as to the propriety of the appeal. Counsel are advised that the issue may be revisited by the panel to be assigned to the case, and counsel should be prepared to address, in their briefs or at the time of oral argument, any concerns the panel may have concerning this issue.

Order, 6/29/18.

In his brief, Cosey avers that the trial court's order was not final and this appeal should be quashed. Cosey's Brief at 15-19. Appellant has filed a reply brief reiterating its argument against quashal presented in response to the rule to show cause.

"Generally, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *Spuglio v. Cugini*, 818 A.2d 1286, 1287 (Pa. Super. 2003). *See also* Pa.R.C.P. 341(b)(1) ("A final order is any order that . . . disposes of all claims and of all parties[,] or is entered as a final order pursuant to [Pa.R.C.P. 341(c)]."). "'The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications.' If the practical effect of an order is to put an appellant out of court by precluding him from presenting the merits of his claim, the order is appealable." *West v. West*, 446 A.2d 1342 (Pa. Super. 1982) (citations omitted). "It is beyond cavil in this jurisdiction that an order dismissing some, but not all, counts of a multi-count complaint is generally interlocutory and not immediately appealable." *Bell v. State Farm Mut. Auto. Ins. Co.*, 634 A.2d 1137, 1138 (Pa. Super. 1993). *See also Moore Motors, Inc. v.*

*Beaudry*, 775 A.2d 869, 870 (Pa. Super. 2001) ("[A]bsent an express determination of finality under Rule 341(c), the dismissal of a complaint with the concomitant dismissal of only one count of a multi-count counterclaim is interlocutory and appealable.").

Here, the trial court granted Cosey's request to pay the $25,000 into the court, and attempted to effectuate Cosey's desire to remove himself from further litigation by ordering that the docket be marked "settled and discontinued with prejudice as to [Appellant's] claims against [Cosey]." Order, 5/7/18. The court clearly contemplated that Appellant would continue to litigate against Farneth with respect, at a minimum, to Farneth's desire to intervene as a party to claim an interest in the apportionment of the $25,000 fee. *See* Trial Court Opinion at 2 (stating that "Cosey has no role in this litigation, except perhaps as a witness," and "[T]here exists no good reason to require a client, under these circumstances, where he is ready, willing and able to tender the disputed fee to the Court for distribution to the appropriate party, to be required to remain a Defendant party in the action."). The order only precluded Appellant from seeking further relief from Cosey; by scheduling a hearing on Farneth's petition to intervene, the trial court had not "disposed of all claims or all parties."

Accordingly, the May 7, 2018 order is interlocutory. *See Moore Motors, Inc.*, 775 A.2d at 870; *Bell*, 634 A.2d at 1138. We therefore quash

the appeal and remand the case to the trial court for further proceedings.[1]

The Prothonotary is directed to strike this case from the argument scheduled for October 31, 2018.

Appeal quashed. Case stricken from the argument list and remanded to the trial court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2018

---

[1] In its response to this Court's rule to show cause, Appellant further stated that "an argument can also be made that this is an appealable collateral order pursuant to [Pa.R.A.P.] 313(b)." Appellant's Letter, 6/25/18, at 1. *See* Pa.R.A.P. 313(b) ("A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."). In support, Appellant avers that the court's dismissal of its claim with prejudice denied it due process. In light of our reasoning and disposition, no further review under Rule 313(b) is necessary.