J-A05034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHANE D. REYNOLDS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| ESSENTIA INSURANCE COMPANY | : : | No. 2074 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered July 3, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210801568

BEFORE:  DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED FEBRUARY 12, 2024**

Essentia Insurance Company ("Essentia") appeals from the order which granted, in part, and denied, in part, the motion for partial summary judgment filed by Shane D. Reynolds (Reynolds).[1]  We quash the appeal as interlocutory.

The facts underlying this insurance coverage dispute are uncontested. On June 30, 2018, Reynolds was involved in a motor vehicle accident while operating his 2003 Harley-Davidson motorcycle.  The accident occurred when a vehicle operated by Christopher Heasley ("Heasley") struck Reynolds, causing him to sustain serious and permanent injuries.  The vehicle operated by Heasley was insured under a policy issued by Erie Insurance Exchange

---

[1] Although the caption suggests that this is a class action, no class certification has yet been made in the action.

("Erie"), which provided liability insurance coverage to Heasley in the amount of $100,000 per person/$300,000 per accident. Reynolds made a claim under the liability provisions of the Erie policy and received $85,000 in full settlement of his claim. Reynolds determined that the settlement amount was insufficient to compensate him for the injuries and damages he sustained in the accident; accordingly, he sought to recover additional insurance benefits.

In this regard, Reynolds tendered a claim for underinsured motorist ("UIM") benefits under a Classic Automobile Policy issued by Essentia ("the Essentia policy"), which insured two classic vehicles owned by Reynolds: a 1970 Chevrolet Corvette Coupe; and a 1967 Chevrolet Chevelle SS Coupe. The Essentia policy provided uninsured motorist ("UM") and UIM benefits in the amount of $25,000 per person/$50,000 per accident. The UIM endorsement to the Essentia policy included the following definition of an "insured" for purposes of UIM benefits:

> B. "Insured" as used in this endorsement means:
>
> 1. Any person "occupying" "your covered auto[;]"[]
>
> 2. Any person for damages that person is entitled to recover of "bodily injury" to which this coverage applies sustained by a person described in b.1 above.

Essentia Policy, Endorsement No. 13 37 05 16, at 1.

The UIM endorsement to the Essentia policy additionally included, in relevant part, the following household exclusion:

> A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

- 2 -

    1. By you:

    a. While "occupying" any motor vehicle owned by or furnished
       for the regular use of you or any "family member" which is
       not insured for this coverage under this policy. . . .

Essentia Policy, Endorsement No. 13 37 05 16, at 2.

Given that Reynolds sustained his injuries while operating a vehicle which was not insured under the Essentia policy, Essentia denied Reynolds claim for UIM benefits on the following bases: (1) the definition of "insured" required Reynolds to be an occupant of a vehicle insured by the Essentia policy to recover UIM benefits; and (2) the household exclusion excluded UIM benefits for any bodily injury sustained by Reynolds while occupying any motor vehicle not insured under the Essentia policy. *See* Denial of Coverage Letter, 8/28/18, at 3-4.

Reynolds thereafter initiated the present action against Essentia. In his amended complaint, Reynolds asserted four claims for relief: Count I declaratory relief—invalidity of definition of "insured;" Count II declaratory relief—household exclusion; Count III compensatory relief—UIM benefits; and (4) Count IV injunctive relief—seeking an order enjoining Essentia from asserting either the definition of "insured" or the household exclusion as a defense to claims for UM or UIM benefits. Essentia subsequently withdrew its

denial of coverage based on the household exclusion.[2]  Thus, the sole remaining basis for Essentia's denial of UIM benefits to Reynolds was the definition of an "insured" under the UIM endorsement to the Essentia policy.

Reynolds moved for partial summary judgment on his remaining claim for declaratory relief at Count I of the amended complaint.  In his prayer for relief, Reynolds requested that the trial court enter an order declaring: (1) Reynolds was eligible to recover UIM benefits under the Essentia policy; and (2) the restrictions in the definition of an "insured" in the UIM endorsement to the Essentia policy were void and unenforceable under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. § 1701, *et seq*. Essentia filed a response to Reynolds' motion for partial summary judgment.[3] Reynolds filed a reply brief in support of his motion for partial summary judgment in which he reiterated that he sought partial summary judgment on his "claim for declaratory relief," and requested a declaration that the definition of "insured" in the Essentia policy was void and unenforceable as violative of the MVFRL, and that he was therefore "eligible" to recover UIM

_____

[2] The practical effect of Essentia's decision to withdraw its denial of coverage based on the household exclusion was to render as moot Count II of the amended complaint.  Thus, the only claim for declaratory relief remaining in the action was Count I, which sought declaratory relief regarding the invalidity of definition of "insured."

[3] Although styled as a "Cross-Motion and Response," Essentia's filing did not include any "motion," and did not seek any ruling or relief from the trial court. Rather, in its filing, Essentia simply admitted or denied the assertions made by Reynolds in his motion for partial summary judgment.

benefits under the Essentia policy. Reply Brief in Support of Motion for Partial Summary Judgment, 8/1/22, at 9-10; *see also* Reynolds' Answer to Cross[-]Motion for Summary Judgment, 8/1/22, at 1 (clarifying that he was seeking "Partial Summary Judgment in his favor on the claim for declaratory relief").

On July 3, 2023, the trial court entered an order granting, in part, and denying, in part, Reynolds' motion for partial summary judgment. Specifically, the trial court ruled: (1) in favor of Essentia and against Reynolds regarding Reynolds eligibility to recover UIM benefits; and (2) in favor of Reynolds and against Essentia regarding the limitations in the definition of "insured." *See* Order, 7/3/23. The trial court explained that, although it found the definition of "insured" in the UIM endorsement to the Essentia policy to be void and unenforceable, it could not grant the additional declaratory relief requested by Reynolds regarding his eligibility for UIM benefits under the Essentia policy because Reynolds had not demonstrated that he had first sought UIM benefits from Progressive Preferred Insurance Company ("Progressive"),[4] in compliance with section 1733(a) of the MVFRL.[5] The trial court reasoned:

_____

[4] At the time of the accident, the motorcycle operated by Reynolds was insured under a policy issued by Progressive ("the Progressive policy"). The Progressive policy provided UIM benefits in the amount of $25,000 per person/$50,000 per accident.

[5] Section 1733(a) sets forth the priority of sources for payment for UM and UIM benefits when multiple insurance policies apply to a claim for benefits:
*(Footnote Continued Next Page)*

[B]ased [on the MVFRL], this court is denying Reynolds['] claim for declaratory judgment regarding his specific entitlement. Even though the provision at issue is void, ***this court will not go as far as to grant Reynolds declaratory judgment regarding his ability to collect UIM benefits on the policy***.  In fact, based on the MVFRL, this court finds that he has not followed the proper statutory protocols and is unable to.

To reiterate, section 1733(a) sets forth priority of recovery of uninsured and underinsured motorist benefits[.]

* * * *

At the time of the accident, Reynolds was operating his motorcycle.  Reynolds has not alleged nor does the record suggest that Reynolds ever made a claim upon Progressive . . . for the underinsurance associated with the motorcycle involved in the accident.  However, that policy would be the first priority policy to make claim on in accordance with the MVF[R]L.  Reynolds may also not circumvent statutory channels and protocol and like Essentia, is bound by the plain text of the statute.  Pennsylvania Supreme Court precedent supports this reading of the statute.  In ***Burnstein***[ ***v. Prudential Prop. & Cas. Ins. Co.***, 809 A.2d 204 (Pa. 2002)], the Court explained section 1733 saying: injured claimants must first recover UM and UIM coverage from any policy covering the motor vehicle occupied by the injured person at the time of the accident.  Thereafter, as a secondary source of recovery, claimants may recover from a policy covering a motor vehicle not involved in the accident.

---

(a)    General rule – Where multiple policies apply, payment shall be made in the following order of priority:

   (1)    A policy covering a motor vehicle occupied by the injured person at the time of the accident.

   (2)    A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

75 Pa.C.S.A. § 1733(a).

Reynolds has failed to provide evidence that he attempted to recover in the order the statue mandates. For that reason, he is not entitled to declaratory judgment regarding his own benefits.

Trial Court Opinion, 7/3/23, at 12-13 (footnote and unnecessary capitalization omitted, emphasis added).

Reynolds filed a timely motion for reconsideration in which he represented to the trial court that he had tendered a claim to Progressive, and that Progressive had paid its UIM policy limits of $25,000 to Reynolds. Reynolds further explained that he had also tendered claims to Erie under two household policies (a personal auto policy and a commercial auto policy), and that Erie had paid its UIM policy limits of $25,000 available under each policy, for a total payment of $50,000. Reynolds attached a copy of the executed release agreement with Progressive for the $25,000 in UIM benefits it paid to Reynolds, copies of two checks for $25,000 each issued by Erie to Reynolds for UIM benefits, and an affidavit wherein Reynolds attested to these facts. *See* Motion for Reconsideration, 7/20/23, at Exhibits A, B, C, F. Reynolds argued that, because he had recovered UIM benefits from Progressive, as the insurer of the motorcycle, he was eligible to seek UIM benefits under the Essentia policy as a secondary source of UIM benefits.

While the motion for reconsideration was pending, and before the trial court entered any ruling on that motion, Essentia filed a timely notice of appeal. The trial court ordered Essentia to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Essentia complied with that

order. Thereafter, the trial court authored a Rule 1925(a) opinion in which it explained that the evidence which Reynolds presented in his motion for reconsideration "suggests that [he] did first make claim on the primary policy involved in the accident." Trial Court Opinion, 8/23/23, at 15-16. In light of this new evidence, the trial court requested that this Court affirm, in part, its July 3, 2023 order, and remand the case in light of the new facts provided by Reynolds. **See id**. at 16.[6]

In this Court, Reynolds filed a motion to quash the appeal as interlocutory. Therein, Reynolds argued that his motion for partial summary judgment pertained solely to Count I of the amended complaint (declaratory relief—invalidity of definition of insured), and that no ruling was made as to Count III of the amended complaint (compensatory relief—UIM benefits), which remained pending. **See** Motion to Quash, 8/17/23, at ¶¶ 10, 13. Essentia opposed the motion to quash on the basis that the July 3, 2023 order was appealable pursuant to the Declaratory Judgments Act ("the Act"), 42 Pa.C.S.A. § 7532. This Court denied the motion to quash. However, the order denying the motion to quash indicated that "this Order does not preclude the

---

[6] Generally, issues raised in a motion for reconsideration are beyond the jurisdiction of this Court and, thus, may not be considered by this Court on appeal. **See Rabatin v. Allied Glove Corp.**, 24 A.3d 388, 391 (Pa. Super. 2011); **see also Prince George Center, Inc. v. U.S. Gypsum Co.**, 704 A.2d 141, 145 (Pa. Super. 1997) (holding that "issues raised initially in [a] petition for reconsideration are . . . beyond the scope of our [appellate] jurisdiction and we decline to consider them"). Thus, this Court is unable to consider the evidence presented by Reynolds in his motion for reconsideration.

panel of this Court that will decide the merits of the appeal from raising and addressing the issue . . . *sua sponte*." Order, 10/5/23.

Essentia raises the following issue for our review:

Specialty antique/classic-car policies like Essentia's limit [UM/UIM] benefits to covering persons injured only while they are occupying the insured antique/classic cars, and also require the insured to maintain for general transportation a regular-use vehicle with a separate regular-use-vehicle policy. In **St. Paul Mercury Ins. Co. v. Corbett**, . . . 630 A.2d 28 ([Pa. Super.] 1993) (*en banc*), this Court held that such specialty antique/classic-car policies are enforceable under [the MVFRL] and Pennsylvania's public policy in light of the special nature of such low-premium policies for limited-use, low-risk antique/classic cars. Should this Court continue to follow **Corbett**?

Essentia's Brief at 4-5.

As a preliminary matter, we must determine whether this Court has jurisdiction to address the trial court's July 3, 2023 order, as "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa. Super. 2018) (internal citation omitted). Generally, appellate courts have jurisdiction only over appeals taken from a final order. **See In re Bridgeport Fire Litigation**, 51 A.3d 224, 229 (Pa. Super. 2012). A final order is one that disposes of all the parties and all the claims; or is entered as a final order pursuant to the trial court's determination under Rule 341(c). **See** Pa.R.A.P. 341(b)(1), (3). An appeal may also be taken from "an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8).

Section 7532 of the Act provides, in relevant part:

Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. . . . The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S.A. § 7532.

Although the Act provides that the declaration shall have the force and effect of a final judgment or decree, a partial adjudication does not become appealable merely because it is cast in the form of a declaratory judgment. *See Bolmgren v. State Farm Fire and Cas. Co.*, 758 A.2d 689, 691 (Pa. Super. 2000) (quashing an appeal as interlocutory where the order appealed from provided a declaration of coverage but left unresolved remaining claims for damages); *see also Schmitt v. State Farm Mutual Auto Ins. Co.*, 245 A.3d 678 (Pa. Super. 2021) (following *Bolmgren* and quashing as interlocutory an appeal from an order granting summary judgment on three counts for declaratory relief and one count for compensatory damages, but leaving unresolved two remaining counts for compensatory damages); *Bombar v. West American Ins. Co.*, 932 A.2d 78, 85-86 (Pa. Super. 2007) (following *Bolmgren* and holding that trial court's initial order granting summary judgment on a declaratory judgment count of complaint was not final and appealable, where that order did not determine the amount of damages for the remaining bad faith claim); *Cresswell v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 820 A.2d 172, 176 n.2 (Pa. Super. 2003)

(recognizing **Bolmgren** and determining trial court's order granting partial summary judgment in favor of appellee on declaratory judgment claim was interlocutory and unappealable, where court's order left unresolved additional bad faith claim); **Moore Motors, Inc. v. Beaudry**, 775 A.2d 869, 870 (Pa. Super. 2001) (*per curiam*) (following **Bolmgren** and quashing an appeal from an order granting appellees' motion for partial summary judgment as interlocutory and unappealable where court's order left unresolved counts II and III of appellees' counterclaim).[7]

_____

[7] Although this Court has continued to apply **Bolmgren**, our Supreme Court has issued a line of cases also dealing with the appealability of orders resolving declaratory judgment claims, beginning with **Nationwide Mut. Ins. Co. v. Wickett**, 763 A.2d 813 (Pa. 2000) (holding that an order sustaining the preliminary objections in the nature of a demurrer of some defendants in a declaratory judgment action, and dismissing those defendants from the case, was a final, appealable order, even though claims against other defendants remained outstanding). Relatedly, this Court issued a ruling in **Titeflex Corp. v. National Union Fire Ins. Co. of Pittsburgh, PA**, 88 A.3d 970 (Pa. Super. 2014) (holding that an order declaring that the insurer had duty to defend the corporation in underlying actions was appealable because the order resolved the declaratory judgment action for all practical purposes). However, we conclude that those cases are distinguishable and, hence, not controlling. As this Court explained in **Schmitt**, "our courts have seemed to rely on **Wickett** and its progeny to decide an order is immediately appealable in scenarios where a trial court's order in a declaratory judgment action either completely dismissed a defendant from the case, **see**, **e.g.**, **Wickett**, **supra**, or in the context of whether a duty to defend/indemnify existed, and the underlying action could not go forward until resolution of the declaratory judgment claims, **see, e.g., Titeflex, supra**." **Schmitt**, 245 A.3d at 685-86. Neither of those situations is similar to the instant case. Additionally, while we are mindful of the decision made by a prior panel of this Court in **Pennsylvania Services Corp. v. Texas Eastern Transmission, LP**, 98 A.3d 624, 626 n.1 (Pa. Super. 2014), *appeal denied*, 114 A.3d 1041 (Pa. 2015) (addressing the merits of an appeal from a declaratory judgment action where non-declaratory

*(Footnote Continued Next Page)*

Rather, within the context of declaratory judgment actions, our Supreme Court has "provided a rather straightforward two-part test for appellate courts to apply when considering whether an order declaring the rights of parties is final and appealable[.]" **Schmitt**, 245 A.3d at 685 (quoting **Pennsylvania Manufacturers' Ass'n Ins. Co. v. Johnson Matthey, Inc.**, 188 A.3d 396,399 (Pa. 2018) (*per curiam*)). Specifically, we must determine:

> (1) what is the effect of the lower court's decision on the scope of the litigation; and (2) what practical effect does the court's decision have on the ultimate outcome of the case. . . . If the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable.

**Id**.

In the instant matter, the trial court's July 3, 2023 order merely narrowed the scope of the litigation and did not resolve the entirety of Reynolds' eligibility for declaratory relief. Although the trial court determined that Reynolds met the summary judgment standard—and was therefore entitled to declaratory relief that the definition of "insured" was void and unenforceable, the court conversely determined that Reynolds had not met the summary judgment standard as to his eligibility for UIM benefits under the Essentia policy. Indeed, the trial court stated: "**this court will not go as**

---

judgment claims remained pending), we observe that this Court did not conduct an analysis regarding either the **Bolmgren** or **Wickett** lines of cases. Rather, this Court merely stated in a footnote that the appeal was proper under section 7532. **See id**.

- 12 -

***far as to grant Reynolds declaratory judgment regarding his ability to collect UIM benefits on the policy*.**" Trial Court Opinion, 7/3/23, at 12-13 (emphasis added). The trial court's decision to deny Reynolds' motion for partial summary judgment on the issue of his eligibility reflects an implicit finding by the court that material issues of fact remained which prevented summary resolution of the eligibility issue. ***See Siciliano v. Mueller***, 149 A.3d 863, 864 (Pa. Super. 2016) (holding that summary judgment is appropriate only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law).[8] Thus, issues of material fact remain in the action regarding Reynolds' eligibility for declaratory relief as to his eligibility to recover UIM benefits under the Essentia policy in light of section 1733(a).

Moreover, the trial court's July 3, 2023 order did not address Count III of the amended complaint, which sought compensatory damages in the form of UIM benefits, or Count IV of the amended complaint, which sought injunctive relief in the form of an order enjoining Essentia from asserting either the definition of "insured" or the household exclusion as a defense to claims

---

[8] We do not equate the trial court's decision to decline to grant the additionally requested declaratory relief as to Reynolds' eligibility to obtain UIM benefits under the Essentia policy with a specific finding that Reynolds was not entitled to UIM benefits under the Essentia policy. Indeed, that particular question was not before the trial court, as Essentia did not request any relief, nor any specific ruling by the trial court, in its response to Reynolds' motion for partial summary judgment.

for UM or UIM benefits. Given the trial court's ruling that the definition of "insured" is void and unenforceable, and Essentia has withdrawn its only other coverage defense, these claims remain viable and pending.

In sum, Reynolds' amended complaint sought ordinary civil relief, injunctive relief, and remedies in the form of a declaration. The trial court's July 3, 2023 order resolved a portion of Reynolds' remaining declaratory judgment claim. However, the trial court left unresolved another portion of that declaratory judgment claim, as well as Reynolds' remaining claims for compensatory damages and injunctive relief. Under these circumstances, and in light of our well-established policy of avoiding piecemeal litigation, we conclude that Essentia's appeal is interlocutory. ***Pa. Bankers Ass'n v. Pa. Dep't of Banking***, 948 A.2d 790, 798 (Pa. 2008) (noting the Court's well-documented efforts to avoid piecemeal litigation, and explaining that discouraging interlocutory appeals avoids piecemeal determinations and the consequent protraction of litigation). We therefore quash the appeal as interlocutory.[9]

Appeal quashed.

---

[9] Reynolds' counsel has filed a motion to continue the appeal to the next argument panel. We entered an order denying the motion, and counsel filed a motion for reconsideration. We granted reconsideration. Given our decision to quash the appeal, we now deny counsel's motion to continue.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>2/12/2024</u>