J-A06023-20

2021 PA Super 5

EDWARD J. SCHMITT, INDIVIDUALLY : IN THE SUPERIOR COURT OF
AS ADMINISTRATOR OF THE ESTATE : PENNSYLVANIA
OF DANIELLE N. LUTEMAN, :
DECEASED :
:
Appellee :
:
v. :
:
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY AND STATE :
FARM FIRE & CASUALTY COMPANY :
AND GARY J. ROOT & GARY J. ROOT :
AGENCY, :
:
Appellants : No. 1767 EDA 2019

Appeal from the Order Entered May 23, 2019
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 18-06583

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY KING, J.:                    **FILED: JANUARY 11, 2021**

Appellants, State Farm Mutual Automobile Insurance Company and

State Farm Fire & Casualty Company ("State Farm") and Gary J. Root and the

Gary J. Root Agency, appeal from the order entered in the Montgomery County

Court of Common Pleas, granting partial summary judgment in favor of State

Farm on its counterclaim for declaratory relief, and granting partial summary

judgment in favor of Appellee, Edward J. Schmitt, as administrator of the

estate of Danielle N. Luteman, Deceased, on two counts of his amended

complaint seeking declaratory relief.  For the reasons that follow, we quash

---

[*] Former Justice specially assigned to the Superior Court.

the appeal as interlocutory and unreviewable at this time.

On November 14, 2011, Danielle Luteman was driving her Toyota Corolla on Route 422 in Upper Providence Township. Ms. Luteman's boyfriend, Michael Taylor, occupied the front passenger seat. At some point, Mr. Taylor reached over and grabbed the steering wheel from Ms. Luteman. The vehicle left the road, struck a guardrail, and flipped over, killing Ms. Luteman. At the time of the accident, Ms. Luteman lived with her grandparents, the Schmitts. Appellee, Mr. Schmitt, as administrator of Ms. Luteman's estate, filed a complaint seeking a declaratory judgment that underinsured motorist ("UIM") benefits were available under three separate State Farm insurance policies: (1) a personal auto policy issued to Ms. Luteman ("Luteman Auto Policy"); (2) a personal auto policy issued to the Schmitts ("Schmitt Auto Policy"); and (3) a personal umbrella policy issued to the Schmitts ("Schmitt Umbrella Policy"). Appellee also sought compensatory damages.

Upon stipulation between the parties, Appellee filed an amended complaint on August 14, 2018. In the amended complaint, Appellee raised seven counts: Count I—declaratory judgment that Appellee is entitled to receive UIM benefits under the Luteman Auto Policy; Count II—compensatory relief in the form of UIM benefits under the Luteman Auto Policy; Count III— declaratory judgment that Appellee is entitled to receive UIM benefits under the Schmitt Auto Policy; Count IV—compensatory relief in the form of UIM benefits under the Schmitt Auto Policy; Count V—declaratory judgment that

Appellee is entitled to receive UIM benefits under the Schmitt Umbrella Policy; Count VI—compensatory relief in the form of UIM benefits under the Schmitt Umbrella Policy; and Count VII—negligence against Gary Root and the Gary Root Agency (person/entity who sold the State Farm insurance policies to the Schmitts and Ms. Luteman) seeking compensatory damages, as an alternative claim if the court decided Appellee is not entitled to recover UIM benefits under any of the policies.

In response, State Farm filed an answer, new matter, and counterclaim seeking a declaratory judgment that State Farm is not obligated to pay UIM benefits to Appellee under any of the three policies. Appellee filed a reply to State Farm's new matter and an answer to its counterclaim on October 5, 2018. On January 24, 2019, State Farm filed a motion for summary judgment on its counterclaim and as to Counts I-VI of the amended complaint. On February 22, 2019, Appellee also filed a motion for summary judgment on Counts I-VI of the complaint, as well as a response in opposition to State Farm's summary judgment motion. On April 1, 2019, State Farm responded to Appellee's summary judgment motion. The court conducted oral argument on the competing summary judgment motions on April 29, 2019.

On May 23, 2019, the court entered summary judgment in favor of State Farm on its counterclaim for declaratory judgment on Count I, determining that State Farm has no obligation to pay UIM benefits to Appellee under the Luteman Auto Policy, and on the corresponding claim for compensatory

damages at Count II.  The court also entered summary judgment in favor of Appellee for declaratory judgment on Counts III and V of the amended complaint, finding Appellee is entitled to recover UIM benefits under the Schmitt Auto Policy and Schmitt Umbrella Policy.

State Farm filed a notice of appeal on June 20, 2019.  On June 24, 2019, the court ordered State Farm to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b).  State Farm subsequently complied.

On July 8, 2019, Appellee filed an application in this Court to quash State Farm's appeal, arguing, *inter alia*, the court's May 23, 2019 summary judgment order is interlocutory because it left unresolved the remaining compensatory damages claims at Counts IV and VI of Appellee's amended complaint.  On July 22, 2019, State Farm filed an answer to Appellee's application to quash, conceding that the trial court's summary judgment order left the compensatory damages claims outstanding.  State Farm maintained the court's order was immediately appealable, however, under Pa.R.A.P. 311(a)(8) (stating appeal may be taken as of right and without reference to Rule 341(c) from order that is made final or appealable by statute, even though order does not dispose of all claims and of all parties).  State Farm alleged that pursuant to the Declaratory Judgments Act at 42 Pa.C.S.A. § 7532, the court "affirmatively or negatively declare[d] the rights" of the parties, so the court's ruling was immediately appealable under this statute. (**See** State Farm's Answer to Appellee's Application to Quash, filed 7/22/19,

at ¶6). On August 2, 2019, this Court denied Appellee's application to quash

without prejudice to his right to raise the issue again in his appellate brief.

State Farm raises the following issues for our review:

Did the trial court err when it determined that the "Family Car Exclusion" contained in the State Farm Auto Policy was unenforceable and as a result declared that [Appellee] was entitled to recover underinsured motorist benefits under the State Farm Auto Policy?

Did the trial court err when it ruled that the State Farm Personal Liability Umbrella Policy was governed by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law and that, therefore, the Family Car Exclusion contained in that policy was unenforceable as well?

Did the trial court err in granting summary judgment to [Appellee] with respect to State Farm's contention that the injuries sustained by [Appellee's] decedent were not caused by the acts of an "owner or driver" or an "owner or operator" of an underinsured motor vehicle as is required by the insuring clause of both the State Farm Auto Policy and the State Farm Personal Umbrella Policy?

Assuming, *arguendo* that the trial court was correct in its ruling that the Family Car Exclusions in the policies did not apply and that the injuries sustained by [Appellee's] decedent were caused by the acts or omissions of the "owner or driver" or the "owner or operator" of an underinsured motor vehicle, did the trial court nevertheless err in declaring that [Appellee] is entitled to recover underinsured benefits under the auto policy and the personal umbrella policy when no determination has yet been made in the litigation with respect to:

(a) Whether the alleged underinsured motorist was negligent;

(b) Whether there was comparative negligence on the part of [Appellee's] decedent which was greater than any negligence on the part of the alleged

underinsured motorist; and

(c)    The amount of damages?

(State Farm's Brief at 4-5).

As a preliminary matter, we must address Appellee's application to quash the appeal as interlocutory because "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa.Super. 2018) (internal citation omitted).   As a general rule, appellate courts have jurisdiction only over appeals taken from a final order. **In re Bridgeport Fire Litigation**, 51 A.3d 224, 229 (Pa.Super. 2012).  A final order is one that disposes of all the parties and all the claims; or is entered as a final order pursuant to the trial court's determination under Rule 341(c).  Pa.R.A.P. 341(b)(1), (3).  An appeal may also be taken from "an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties."  Pa.R.A.P. 311(a)(8).

Section 7532 of the Declaratory Judgments Act provides, in relevant part:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. … The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S.A. § 7532.

In **Bolmgren v. State Farm Fire and Cas. Co.**, 758 A.2d 689

(Pa.Super. 2000), the appellee brought an action against State Farm for a declaration of coverage under a homeowner's policy and for damages. Specifically, Counts I-III of the appellee's amended complaint sought relief in the form of declaratory judgment, and Count IV sought damages, attorney's fees, interest and costs. Following competing motions for summary judgment, the court granted summary judgment in favor of the appellee on Counts I-III. State Farm appealed. As a prefatory matter, this Court considered whether the appeal was properly before us, where the damages claim in Count IV of the amended complaint remained outstanding.

In addressing whether the appeal was proper under Rule 311(a)(8) by way of the Declaratory Judgments Act, this Court explained:

> Although the Act provides that the declaration shall have the "force and effect of a final judgment or decree," this partial adjudication does not become appealable merely because it is cast in the form of a declaratory judgment. Appellee's complaint in this matter, although captioned a declaratory judgment, sought ordinary civil relief and remedies in the form of a declaration of coverage **and** damages.[1] Her request for further relief, in the form of damages, has yet to be determined. Because an appeal will not lie from an interlocutory order, the present appeal must be quashed.
>
> [1] It is the nature of the order at issue that dictates whether it is final and appealable. In this case, the order is not final since it does not dispose of the claim of damages raised in the complaint, in addition to the request for declaratory judgment. This case is different than that in **Redevelopment Authority of Cambria County v. International Insurance Co.**, [685 A.2d 581 (Pa.Super. 1996), *appeal denied*, 548 Pa. 649, 695 A.2d 787 (1997)]. In that case the complaint sought relief in the form of declaratory judgment that Erie and International owed a duty to

> defend and to indemnify the Authority in an action filed by a third party. In that case, the order was final because the trial court's determination that Erie had a duty to defend the third party claim effectively ended the litigation. Here, in addition to the declaration of rights, the trial [c]ourt was asked to award damages under the policy. Under these circumstances, the [trial] court is required to address this request. Without doing so, the order is not final.

***Id.*** at 691 (emphasis in original).

This Court has repeatedly applied ***Bolmgren*** when discussing the appealability of orders that resolve declaratory judgment claims but leave other claims outstanding. ***See, e.g., Bombar v. West American Ins. Co.***, 932 A.2d 78, 85-86 (Pa.Super. 2007) (holding that trial court's initial January 19, 2005 order granting summary judgment on declaratory judgment count of complaint was not final and appealable, where that order did not determine amount of damages for remaining bad faith claim; appeal from later December 30, 2005 order resolving outstanding bad faith claim was proper); ***Cresswell v. Pennsylvania Nat. Mut. Cas. Ins. Co.,*** 820 A.2d 172, 176 n.2 (Pa.Super. 2003) (determining trial court's initial December 20, 2001 order granting partial summary judgment in favor of appellee on declaratory judgment claim was interlocutory and unappealable, where court's order left unresolved additional bad faith claim; trial court's later order of May 28, 2002, which disposed of sole remaining bad faith claim, was final and appealable); ***Moore Motors, Inc. v. Beaudry***, 775 A.2d 869, 870 (Pa.Super. 2001) (*per curiam*) (quashing appeal from order granting appellees' motion for partial summary

judgment as interlocutory and unappealable; although court granted summary judgment in favor of appellees on all nine counts of appellants' amended complaints, and on count I of appellees' counterclaim seeking declaratory judgment, court's order left unresolved counts II and III of appellees' counterclaim; holding "absent an express determination of finality under Rule 341(c), the dismissal of a complaint with the concomitant dismissal of only one count of a multi-count counterclaim is interlocutory and unappealable. … To hold otherwise would permit the kind of piecemeal litigation that the Supreme Court specifically tried to eliminate when it enacted Rule 341").

Simultaneous to this Court's continued application of **Bolmgren**, our Supreme Court has issued a line of cases also dealing with the appealability of orders resolving declaratory judgment claims, beginning with **Nationwide Mut. Ins. Co. v. Wickett**, 563 Pa. 595, 763 A.2d 813 (2000). In **Wickett**, our Supreme Court explained that under Section 7532, "an order in a declaratory judgment action that either affirmatively or negatively declares the rights and duties of the parties constitutes a final order." **Id.** at 604, 763 A.2d at 818. Consequently, the Court held that an order sustaining the preliminary objections in the nature of a demurrer of some defendants in a declaratory judgment action, and dismissing those defendants from the case, was a final, appealable order, even though claims against other defendants remained outstanding.

In ***Pennsylvania Bankers Ass'n v. Pennsylvania Dep't of Banking***, 597 Pa. 1, 948 A.2d 790 (2008), the Court limited the breadth of **Wickett**. In that case, certain banks filed a complaint against the Pennsylvania Department of Banking asserting different theories for declaratory relief, including several constitutional claims. The Commonwealth Court, which had original jurisdiction in the case, sustained the Department of Banking's preliminary objections in the nature of a demurrer regarding some of the banks' claims. Our Supreme Court quashed the appeal as interlocutory, distinguishing **Wickett** as follows:

> The Banks…argue that the Commonwealth Court's order constitutes a final, appealable order pursuant to **Wickett**. We find **Wickett** distinguishable, however, for the following reasons. In **Wickett**, the trial court's order put certain defendants out of court by dismissing all of the plaintiff's claims against them. In so doing, the order prevented the plaintiffs from obtaining any relief against these parties. It would therefore be appropriate in this context to characterize the trial court's order as a final order under 42 Pa.C.S. § 7532 because it, in essence, declared that the plaintiffs did not have any viable theory of recovery against such defendants.
>
> In contrast…, the Commonwealth Court's order in this case did not dismiss any party, but merely narrowed the scope of the Banks' declaratory judgment action, which raised alternative theories of relief. Because the Banks might still obtain the relief they are seeking based on one of the remaining constitutional theories, the Commonwealth Court's order sustaining the [Department of Banking's] preliminary objections has no certain effect upon the ultimate relief to which the Banks may be entitled. Thus, we find that the Commonwealth Court's order in this case did not declare the parties' rights within the meaning of 42 Pa.C.S. § 7532, and therefore, it is not a final order under **Wickett**.[16]

[16] Notably, the intermediate appellate courts have limited *Wickett* to contexts where at least one party has been dismissed from the case. *See Wimer v. Pa. Employees Benefit Trust Fund*, 868 A.2d 8, 13 (Pa.Super. 2005), *aff'd*, 939 A.2d 843 (Pa. 2007) (finding *Wickett* applies when a complaint is dismissed and the plaintiffs are put out of courts); *Consolidation Coal Co. v. White*, 875 A.2d 318, 325 (Pa.Super. 2005) (holding an order is only final under *Wickett* when there is "no conceivable legal theory under which Appellants could prevail"); [*Creswell, supra*] (granting partial summary judgment was not a final order under *Wickett* because one claim remained); *Independ. Oil & Gas Ass'n of Pa. v. Pa. Pub. Util. Comm'n*, 804 A.2d 693, 701 (Pa.Cmwlth. 2002) (determining that *Wickett* does not apply unless the plaintiffs are put out of court).

\* \* \*

For the reasons outlined above, we conclude that the Commonwealth Court's order in this case, which sustained the [Department of Banking's] preliminary objections in the nature of a demurrer with respect to some, but not all, of the Banks' constitutional claims, is not a final, appealable order. Our conclusion today is not only informed by our well-established policy of avoiding piecemeal litigation, it also recognizes that such an order does not represent an affirmative or negative declaration of the parties' rights within the meaning of 42 Pa.C.S. § 7532 because alternate avenues of relief can still be pursued against the same parties in the courts below.

Accordingly, we quash the instant appeal as interlocutory.

*Pennsylvania Bankers Ass'n, supra* at 15-17, 948 A.2d at 799-800 (some

internal footnotes omitted). *See also United States Organizations for*

*Bankruptcy Alternatives, Inv. v. Department of Banking ("USOBA")*,

611 Pa. 370, 26 A.3d 474 (2011) (quashing appeal from Commonwealth

Court's order striking two provisions of Debt Management Services Act ("Act 117") as unconstitutional; Commonwealth Court did not address several of USOBA's arguments and did not ultimately decide whether USOBA was entitled to full relief originally requested, which remains available via USOBA's alternate arguments; essentially, Commonwealth Court simply narrowed scope of USOBA's declaratory judgment action, without ultimately deciding case; Department of Banking appealed order which, in light of USOBA's original challenge to Act 117, granted USOBA only partial declaration of parties' rights, status, or legal relations).

Most recently in the **Wickett** line of cases, our Supreme Court summarized these holdings in **Pennsylvania Manufacturers' Assoc. Ins. Co. v. Johnson Matthey, Inc.**, 647 Pa. 85, 188 A.3d 396 (2018), stating:

> This Court last expounded upon the appealability of an order declaring the rights of parties in [**USOBA, supra**]. In that decision, the Court provided a rather straightforward two-part test for appellate courts to apply when considering whether an order declaring the rights of parties is final and appealable: (1) what is the effect of the lower court's decision on the scope of the litigation; and (2) what practical effect does the court's decision have on the ultimate outcome of the case. … If the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable.

**Pennsylvania Manufacturers, supra** at 90, 188 A.3d at 399-400 (quashing appeal as interlocutory where Commonwealth Court entered order that effectively denied appellant's claim for declaratory relief but left unresolved appellee's related but broader counterclaim for declaratory relief; as order on

appeal does not resolve parties' competing claims for declaratory relief but merely narrowed dispute, order is not appealable at this time). *See also Titeflex Corp. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 88 A.3d 970 (Pa.Super. 2014) (holding order declaring that appellant-insurer had duty to defend appellee-corporation in underlying actions was appealable because order resolved declaratory judgment action for all practical purposes; only conclusion left for trial court to reach was amount of indemnification, which could not be made until underlying actions were completed; once trial court determined that insurer had duty to defend, underlying actions could continue; thus, this case is analogous to *Redevelopment Authority*, and not subject to limitation on *Wickett* announced in *Pennsylvania Bankers Ass'n*).

Instantly, Appellee raised seven counts in his amended complaint. Counts I, III, and V sought a declaratory judgment that Appellee is entitled to benefits under the Luteman, Schmitt, and Schmitt Umbrella policies, respectively. In Counts II, IV, and VI, Appellee sought compensatory damages in the form of benefits to be awarded under each of the policies. In Count VII, Appellee brought a negligence claim against Gary Root and the Gary Root Agency, as an alternative claim for relief if the court denied relief on all other counts. State Farm filed a counterclaim seeking a declaratory judgment that Appellee is not entitled to UIM benefits under any of the three policies.

The parties subsequently filed opposing motions for summary judgment. The court entered summary judgment in favor of State Farm on its counterclaim for declaratory judgment on Count I, determining State Farm does not owe Appellee UIM benefits, or damages sought in Count II, under the Luteman Auto Policy. The court also granted summary judgment in favor of Appellee for declaratory judgment on Counts III and V, deciding Appellee is entitled to UIM benefits under both the Schmitt Auto Policy and Schmitt Umbrella Policy. However, the court did not address Counts IV and VI of Appellee's amended complaint regarding compensatory damages under the Schmitt Auto Policy and Schmitt Umbrella Policy, respectively.

As the trial court's order appears to have resolved all of the claims for declaratory relief, State Farm insists the appeal is properly before us under Section 7532 and the **Wickett** line of cases. Nevertheless, our courts have seemed to rely on **Wickett** and its progeny to decide an order is immediately appealable in scenarios where a trial court's order in a declaratory judgment action either completely dismissed a defendant from the case, **see, e.g., Wickett, supra**, or in the context of whether a duty to defend/indemnify existed, and the underlying action could not go forward until resolution of the declaratory judgment claims, **see, e.g., Titeflex, supra**. Neither of those

situations is similar to the instant case.[1]

Rather, the procedural history of this case is nearly indistinguishable from **Bolmgren**. Similar to the plaintiff in **Bolmgren**, Appellee's amended complaint sought ordinary civil relief and remedies in the form of a declaration of coverage **and** damages. Like in **Bolmgren**, the court resolved Appellee's declaratory judgment claims upon the parties' competing motions for summary judgment. As well, the trial court left unresolved Appellee's claims related to damages.[2] Under these circumstances, and in light of our well-established policy of avoiding piecemeal litigation, we agree with Appellee that State Farm's appeal is interlocutory, and we quash the appeal.[3] **See**

_____

[1] **But see Pennsylvania Services Corp. v. Texas Eastern Transmission, LP**, 98 A.3d 624, 626 n.1 (Pa.Super. 2014), *appeal denied*, 631 Pa. 749, 114 A.3d 1041 (addressing merits of appeal from declaratory judgment action where non-declaratory judgment claims remained pending; noting that order declaring rights of parties immediately appealable under Section 7532). In **Pennsylvania Services Corp.**, this Court did not conduct an analysis regarding either the **Bolmgren** or **Wickett** lines of cases. Rather, this Court merely stated in a footnote that the appeal was proper under Section 7532. **See id.**

[2] The court's determination that State Farm is liable for UIM benefits under the Schmitt Policy and Schmitt Umbrella Policy rendered moot Appellee's alternative claim for relief in Count VII.

[3] We recognize the Supreme Court's statement in **Pennsylvania Manufacturers** that "if the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable." **Pennsylvania Manufacturers, supra** at 91, 188 A.3d at 400. Nevertheless, the Court did not expressly comment on the present scenario before us, where all declaratory judgment claims are resolved but non-

***Bolmgren, supra***.  ***See also Creswell, supra***; ***Moore, supra***.

Appeal quashed.  Panel jurisdiction is relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/21

---

declaratory relief claims remain outstanding.  We decline to extrapolate from this statement, issued in the context of a different procedural posture than the case before us, whether the Supreme Court intended to overrule the ***Bolmgren*** line of cases.