J-S13033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| STEVE FITZGERALD, LLP | : : : | No. 2481 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered September 6, 2022
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2021-004908

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 13, 2023**

Appellant Steve Fitzgerald, LLP purports to appeal from the September 6, 2022, order entered in the Court of Common Pleas of Delaware County granting partial summary judgment in favor of Fidelity National Title Insurance Company ("Fidelity"). After a careful review, we quash this appeal.

The relevant facts and procedural history have been set forth, in part, by the trial court as follows:

> This case involves a title insurance policy between Appellant and [Fidelity]. On June 3, 2021, Fidelity commenced the instant action by filing a Complaint in which they sought declaratory judgment and reformation of the title policy against Appellant [and its successors]. [With court permission], [a]n Amended Complaint was filed on May 18, 2022, in which Fidelity added a count for declaratory judgment against [Appellant] and its successors declaring the title insurance policy was cancelled.[1]

---

[*] Former Justice specially assigned to the Superior Court.

Appellant filed his Answer to the Amended Complaint on June 8, 2022.

_____

1 Evidence was offered by Fidelity that the property at issue was sold by Deed dated May 18, 2021, and recorded July 12, 2021.

_____

[Fidelity] filed a motion for summary judgment[.] Appellant filed a response[,] and Fidelity filed a reply brief[.] Th[e] [trial] court held a hearing on the motion for summary judgment on July 12, 2022.

Evidence presented to [the trial] court established that by Deed dated February 4, 2005, Helen Pierson conveyed real property located in Delaware County, Pennsylvania, to her son, Daniel A. Pierson, Jr. The legal description of the Deed references two folio numbers, 42-00-02246-00, and 42-00-00378-00, and includes the following metes and bounds description:

> ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE in the Township of Springfield, County of Delaware and State of Pennsylvania.
>
> BEGINNING at the corner formed by the intersection of the South side of Baltimore Avenue with the East side of Grove Avenue; thence extending Eastward, along the said South side of Baltimore Avenue, One hundred and sixty-three one-hundredths feet to a point: THENCE extending Southward Two hundred and eleven and twenty-five one-hundredths feet to a point; THENCE extending Westward One hundred feet to a point of the East side of Grove Avenue; THENCE extending Northward, along the said East side of Grove Avenue, Two hundred feet to the first mentioned point, corner and place of beginning.

*See* Amended Complaint, Exhibit 1.

The evidence established that Folio No. 42-00-00378-00 is associated with a commercial property, a gas station, located at 217 Baltimore Pike, Springfield, Delaware County, Pennsylvania. Folio No. 42-00-02246-00 is associated with a residence located at 8** Grove Avenue, Springfield, Delaware County, Pennsylvania.

When Daniel A. Pierson, Jr. failed to pay taxes on the property located at Folio No. 42-00-00378-00, the gas station, the Delaware County Tax Claim Bureau exposed the property to an

Upset Tax Sale. The advertisements for the tax sale referenced only Folio No. 42-00-00378-00, which is associated with the gas station located at 217 Baltimore Pike.

On or about September 15, 2016, Appellant was the successful bidder at the Upset Tax Sale for the gas station located at 217 Baltimore Pike with tax Folio No. 42-00-00378-00. An Upset Sale Tax Claim Bureau Deed was recorded on July 12, 2017, at Deed Book 6027 at page 2397 in favor of Appellant. The Deed references only 217 Baltimore Pike and describes the property subject thereto as:

> **ALL THAT CERTAIN** tract, place or parcel of **SEATED** land containing,
> **217 Baltimore Pike**
> **STATION 2 BAYS 3 PUMPS**
> **100 X 106**
> **SEE EXHIBIT "A"**

*See* Amended Complaint, Exhibit 3.

It is important to emphasize that the Tax Claim Bureau Deed set forth that the property being purchased was 217 Baltimore Pike and Folio No. 42-00-00378-00. Put simply, Appellant purchased one tract, piece, or parcel of land contained therein, a gas station.

In 2018, Appellant filed a quiet title action in the Court of Common Pleas of Delaware County against Daniel A. Pierson, Jr. and SunTrust Mortgage, Inc., which was docketed at CV-2018-007517. Appellant was successful in that action, and an Order was entered on January 23, 2019, quieting title to the premises to Appellant, the purchaser.[2]

---

2 Evidence was also submitted that on or about December 27, 2019, Daniel A. Pierson, Jr. filed a petition seeking to set aside the Upset Tax Sale referenced above at Docket No. CV-2019-010770. Pierson claimed that although he failed to pay taxes for the property located at 217 Baltimore Pike, the taxes for 8** Grove Avenue were current and that the property should not have been included in the Tax Upset Sale. [Appellant] intervened in that action. Pierson's petition was ultimately denied with prejudice on or about October 1, 2020.

---

Thereafter, Appellant sought title insurance for his property from Fidelity. Prior to the issuance of the title insurance, Appellant obtained and provided Fidelity with an appraisal for 217 Baltimore Pike dated August 9, 2019. The appraisal included a valuation with *commercial* real estate, namely a 1,200 square foot building and adjoining 100 X 106 lot. Thereafter, based upon these

representations, Fidelity issued a $250,000.00 Owner's Policy of Title Insurance (hereinafter "Title Policy") insuring the commercial property located at 217 Baltimore Pike and naming [Appellant] as the insured. At the time the Title Policy was issued, [Appellant] executed a settlement and paid the taxes owed for 217 Baltimore Pike associated with Folio No. 42-00-00378-00. [Appellant] also executed an affidavit setting forth that there are no outstanding mortgages on the property located at 217 Baltimore Pike.

After some time, Appellant, through counsel, sent a letter to Fidelity's Senior Claims Counsel, dated October 6, 2020, which asserted that "the entirety of my client's property is now burdened with a mortgage in the principal amount of $179,000.00, an eventuality that your firm had insured against. Kindly accept this correspondence as a formal request to diligently address my client's claim under the above-referenced policy." Fidelity then commenced the instant action seeking declaratory relief, among other prayers for relief in [its] Complaint, on June 3, 2021, [as amended on May 18, 2022.]

Trial Court Opinion, filed 1/11/23, at 1-4 (some citations to record and footnotes omitted) (emphasis in original).

In the Amended Complaint, Fidelity presented three Counts with each against "[Appellant] and its Successors." Fidelity's Amended Complaint, filed 5/18/22, at 13, 15, 18. Specifically, in Count 1, Declaratory Judgment, Fidelity sought a judgment against Appellant and its successors:

a. Declaring the Title Policy only insured the gas station located at 217 Baltimore Pike, Springfield, Pennsylvania and does not insure the residence located at 8** Grove Avenue, Springfield, Pennsylvania; and

b. Declaring that even if the Title Policy insures the residence located at 8** Grove Avenue, Springfield, Pennsylvania, and even if the SunTrust Mortgage encumbers the property insured under the Title Policy, Fidelity is not obligated under the Title Policy to remove the SunTrust Mortgage as an encumbrance against the insured property because [Appellant] represented in the Affidavit that there are no outstanding mortgages on the insured property; and

c. Granting such other and further relief as [the trial] court deems appropriate including, but not limited to, that the relief under Count 1 applies to [Appellant's] successors.

*Id.* at 14-15.

In Count 2, Reformation of Title Policy, Fidelity sought a judgment against Appellant and its successors:

a. Reforming the Title Policy to confirm that it insures the gas station commonly known as 217 Baltimore Pike, Springfield, Pennsylvania, but not the residence commonly known as 8** Grove Avenue, Springfield, Pennsylvania;

b. Granting such other and further relief as [the trial] court deems appropriate including, but not limited to, that the relief under Count II applies to [Appellant's] successors.

*Id.* at 18.

In Count 3, Declaratory Judgment, Fidelity sought a judgment against Appellant and its successors:

a. Declaring the Title Policy is cancelled; and

b. Granting such other and further relief as [the trial] court deems appropriate including, but not limited to, that the relief under Count III applies to [Appellant's] successors.

*Id.* at 19.

Following the hearing on Fidelity's motion for summary judgment, the trial court entered an order on September 2, 2022, which provides as follows in its entirety:

AND NOW, this 2nd day of September, 2022, upon consideration of [Fidelity's] Motion for Summary Judgment, [Appellant's] response thereto, and following a hearing held before [the trial] court, it is hereby ORDERED and DECREED as follows:

> Judgment is GRANTED in favor of [Fidelity] and against [Appellant] on Count I, declaratory judgment, of [Fidelity's] Complaint for Declaratory Relief, and on Count II, reformation of title policy, of [Appellant's] Complaint for Declaratory Relief. [Appellant's] title insurance policy only insures the gas station located at 217 Baltimore Pike, Springfield, Pennsylvania, and does not insure the residence located at 8\*\* Grove Avenue, Springfield, Pennsylvania, at issue in this case herein.

Trial Court Order, filed 9/6/22 (bold omitted).

On September 26, 2022, Appellant filed a notice of appeal. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the trial court filed a Rule 1925(a) opinion on January 11, 2023.

On appeal, Appellant presents the following issues in his "Statement of Questions Presented" (verbatim):

I.  Did the Appellant seek title insurance for a signal (*sic*) integrated tax parcel?

II.  Does the Delaware County Tax Map identify a single parcel with a single identifier number with a postal address at 217 Baltimore Pike?

III.  Does the Delaware County Tax Map depict two (2) structures on a signal (*sic*) tax parcel?

Appellant's Brief at 4 (suggested answers omitted).

Preliminarily, we must address whether the instant appeal is properly before us. It is well-settled that "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Knopick v. Boyle*, 189 A.3d 432, 436 (Pa.Super. 2018) (citation omitted). "Accordingly, this Court has the power to inquire at any time, *sua sponte*,

whether an order is appealable." *Id.* (citations omitted). Such an issue raises a question of law; accordingly, our standard of review is *de novo*, and our scope of review is plenary. *See Com., Dept. of Environmental Protection v. Cromwell Tp., Huntingdon County*, 613 Pa. 1, 32 A.3d 639, 646 (2011).

As a general rule, appellate courts have jurisdiction only over appeals taken from a final order.[1] *In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa.Super. 2012). A final order is one that disposes of all the parties and all the claims; or is entered as a final order pursuant to the trial court's determination under Pa.R.A.P. 341(c). *See* Pa.R.A.P. 341(b)(1), (3), (c).

In the case *sub judice*, Fidelity raised three claims in its Amended Complaint against Appellant and its successors; however, the trial court granted summary judgment as to only two of the claims (Count 1 and Count 2). The trial court did not, and has not yet, ruled on Count 3. Accordingly, the trial court has not disposed of all parties or all claims. *See id.* Moreover, no party requested the trial court's September 2, 2022, order be entered as a final order pursuant to Pa.R.A.P. 341(c).

This does not end our inquiry, however, since an appeal may also be taken from "an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties."

---

[1] Without elaboration, Appellant avers this Court has jurisdiction on the basis the trial court's September 6, 2022, order is a final order. *See* Appellant's Brief at 1.

- 7 -

Pa.R.A.P. 311(a)(8). Here, in Counts 1 and 3 of its Amended Complaint, Fidelity requested declaratory judgment regarding its obligations under the Title Policy.

Section 7532 of the Declaratory Judgments Act ("the Act") provides, in relevant part:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed….The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S.A. § 7532.

Accordingly, our Supreme Court, as well as this Court, has recognized that certain interlocutory orders involving declaratory judgment claims may be appealable as of right. *See Pennsylvania Manufacturers' Association Ins. Co. v. Johnson Matthey, Inc.*, 647 Pa. 85, 188 A.3d 396, 399 (2018) (*per curiam*); *Schmitt v. State Farm Mutual Automobile Ins. Co.*, 245 A.3d 678, 681 (Pa.Super. 2021). However, appealing an interlocutory order under the Act is not an "automatic" right. *Schmitt*, 245 A.3d at 684-85.

Rather, within the context of declaratory judgment actions, our Supreme Court has "provided a rather straightforward two-part test for appellate courts to apply when considering whether an order declaring the rights of parties is final and appealable[.]" *Pennsylvania Manufacturers' Association Ins. Co.*, *supra*, 188 A.3d at 399. *See Schmitt*, *supra*. Specifically, we must determine:

(1) what is the effect of the lower court's decision on the scope of the litigation; and (2) what practical effect does the court's decision have on the ultimate outcome of the case....If the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable.

*Schmitt*, 245 A.3d at 685 (quoting *Pennsylvania Manufacturers' Association Ins. Co.*, *supra*, 188 A.3d at 399-400). *See Enterprise Bank v. Ridgeway*, No. 364 WDA 2022, 2023 WL 107606 (Pa.Super. filed 1/5/23) (unpublished memorandum).[2]

Here, pertaining to Count 1 of the Amended Complaint, the September 2, 2022, order declared the Title Policy insures only the gas station located at 217 Baltimore Pike, and pertaining to Count 2 of the Amended Complaint, the September 2, 2022, order reformed the Title Policy to confirm it insures only the gas station located at 217 Baltimore Pike. However, pertaining to Count 3 of the Amended Complaint, the September 2, 2022, order did not declare whether the Title Policy should be cancelled in its entirety.

Accordingly, we conclude the trial court's September 2, 2022, order merely narrowed the scope of the litigation and did not resolve the entirety of Fidelity's eligibility for declaratory relief against Appellant and its successors.

---

[2] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Thus, the order is interlocutory and not immediately appealable under Pa.R.A.P. 311(a)(8) or the Act.

Under these circumstances, and "in light of our well-established policy of avoiding piecemeal litigation," ***Pennsylvania Manufacturers' Association Ins. Co***, 188 A.3d at 400, we quash the instant appeal.[3]

Appeal Quashed.


Judge Murray joins the memorandum.

Judge Nichols concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2023

---

[3] We note that an appeal may also be taken from an interlocutory order by permission or from a collateral order. ***Situs Properties, Inc. v. Jenkins Court Realty Co., LP***, 259 A.3d 993, 996-97 (Pa.Super. 2021). Appellant neither sought permission to appeal from the interlocutory order nor developed any argument that the appeal is from a collateral order.