J-S14003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FRANCIS MONGELL AND BARBARA MONGELL, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 964 WDA 2022 |
| PHILIP MARTELL AND TRISHA MARTELL, HIS WIFE | : | |

Appeal from the Order Dated July 25, 2022
In the Court of Common Pleas of Fayette County Civil Division at No(s):
1409 Of 2017, G.D.

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: June 15, 2023**

Francis and Barbara Mongell appeal from the order granting summary judgment to Philip and Trisha Martell on the Mongells' second amended complaint alleging the Martells had defamed the Mongells through social media posts. The Mongells argue that the trial court erred in concluding they had not presented any evidence that the Martells had authored the posts in issue. However, because the Martells also presented a counterclaim which was not disposed of by the trial court, we conclude the trial court's order was not final and appealable. We quash.

_____

[*] Retired Senior Judge assigned to the Superior Court.

For purposes of this appeal, much of the factual background is undisputed. Francis served as the president of the Connellsville Area School Board from 2005 to 2009. His wife, Barbara, is a retired teacher from the Connellsville Area School District ("the District"). Philip was the District's business manager from May 2015 to November 2016, and had been the District's superintendent since November 2016 until at least November 2017. Philip's wife, Trisha, did not have any known political involvement.

Starting in early 2017, a series of social media posts were placed on Facebook and other social media sites such as Faywest.com. The Mongells describe Faywest.com as "a web-based social media service, which allows visitors to access message boards, organized by community, in Fayette, Westmoreland, and Somerset Counties." Complaint, 11/17/17, ¶ 7. These posts alleged that the Mongells engaged in various unsavory activities, including infidelity, corruption, and theft. The Faywest.com postings were submitted under various—and presumably fictitious—usernames including "Virgin Barb," "Barb the Whore," and "Cosmetic Block the Cock."

In their second amended complaint, the Mongells asserted that these various screen names were pseudonyms for either or both of the Martells and that these posts constituted defamation. Philip and Trisha responded separately. In her answer and new matter, Trisha denied posting defamatory messages to any website, among other defenses. In his answer, new matter, and counterclaim, Philip acknowledged that he had posted some messages to

social media sites that could be construed as asserting the Mongells had participated in infidelity, corruption, and theft. However, he denied that he had authored the posts identified by the Mongells. He also raised other defenses, and importantly, a counterclaim against the Mongells for defamation.

The parties engaged in discovery, and the Martells filed a motion for summary judgment arguing, among other theories, that the Mongells had failed to present sufficient evidence to establish that the Martells had authored the disputed posts. The Martells argued that the admissions contained in Philip's answer were sufficient to present a triable issue of fact to a jury. The trial court disagreed, and granted the Martells' motion for summary judgment, opining that there was no evidence of record to support an inference that the Martells had authored the disputed posts. Importantly, the trial court did not reference Philip's counterclaim, and the record does not contain any indication that Philip discontinued his counterclaim. After the trial court denied their motion for reconsideration, the Mongells filed this appeal.

Before we can address any of the issues raised on appeal by the Mongells, we must determine whether order granting the Martells' motion for summary judgment was an appealable order. The appealability of the order affects whether we have jurisdiction to hear this appeal. *See Schmitt v. State Farm Mutual Auto. Ins. Co.*, 245 A.3d 678, 681 (Pa. Super. 2021). "As a general rule, appellate courts have jurisdiction only over appeals taken

from a final order. A final order is one that disposes of all the parties and all the claims ….” *Id.*

Here, the record on appeal contains no indication that the trial court has disposed of Philip's counterclaim for defamation. As such, the order granting only the Martells' motion for summary judgment on the second amended complaint is not a final, appealable order.

Under certain circumstances, non-final orders can be appealed. *See id.* However, none of those circumstances apply here. As such, we have no jurisdiction to entertain this appeal and are constrained to quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2023