J-A20006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIXMOR ROOSEVELT MALL OWNER, | : | No. 2667 EDA 2024 |
| LLC, ALLIED UNIVERAL SECURITY | : | |
| SERVICES A/K/A UNIVERAL | : | |
| PROTECTION SERVICE, LLC | : | |

Appeal from the Order Entered September 24, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230303609

BEFORE: MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 16, 2025**

Sergei Kovalev (Appellant) appeals, *pro se*, from the entry of summary judgment against him, and in favor of Brixmor Roosevelt Mall Owner, LLC (Brixmor).[1] Because the action remains pending against an additional defendant, we quash the appeal as interlocutory.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In his notice of appeal and appellate brief, Appellant identifies four separate orders from which he purports to appeal:

- Order entered September 10, 2024, granting Brixmor's motion to vacate a prior order (which, in part, deemed certain allegations admitted by Brixmor as a result of its failure to respond to Appellant's request for admission);

*(Footnote Continued Next Page)*

**Underlying Action and Joinder Complaint**

On March 31, 2023, Appellant filed a *pro se* complaint against Brixmor, alleging he was involved in a motor vehicle accident, resulting in damage to his vehicle, in the parking lot of a shopping mall owned and operated by Brixmor. *See* Complaint, 3/31/23, ¶¶ 11-18. Appellant averred the parking lot was not properly illuminated, and the "total darkness" contributed to the accident. *See id.*, ¶¶ 18-21, 27. According to Appellant, Brixmor's security personnel never arrived at the scene of the accident. *See id.*, ¶¶ 23, 26; *id.*, ¶ 24 ("Upon information and belief, [Brixmor's] security services were provided by Allied Universal Security Services [(Allied Universal)]."). Appellant also averred the other driver left the scene of the accident while Appellant waited for police, who never arrived. *See id.*, ¶¶ 26, 29, 32.

Appellant advanced causes of action for negligence, negligence *per se*, negligent infliction of emotional distress, and reckless endangerment against

_____

- Order entered September 10, 2024, granting summary judgment in favor of Brixmor;

- Order entered September 10, 2024, denying Appellant's motion for judgment on admissions;

- Order entered September 24, 2024, vacating a prior order (which granted Appellant leave to amend his complaint) and striking Appellant's second amended complaint.

For simplicity, we primarily refer to the order entering summary judgment above, though we will discuss the other, related orders herein.

Brixmor and "Does 1-10." Appellant requested, *inter alia*, compensatory damages, punitive damages, and attorneys' fees and costs. ***See id.***, Prayer for Relief. Brixmor filed preliminary objections seeking dismissal of Appellant's claims for punitive damages. Brixmor argued, "None of the facts alleged in [Appellant's c]omplaint amount to anything more than simple negligence and do not support the claim for punitive damages." Preliminary Objections, 5/22/23, ¶ 6.

On June 12, 2023, Appellant filed an amended complaint. Brixmor preliminarily objected, again asserting Appellant had failed to allege facts that could support a claim for punitive damages. Appellant filed a response. On July 17, 2023, the trial court sustained Brixmor's preliminary objections and dismissed Appellant's claims for punitive damages. Brixmor subsequently filed an answer to Appellant's amended complaint and new matter. Appellant filed a reply to Brixmor's new matter.

On August 15, 2023, Brixmor filed a joinder complaint asserting claims against Allied Universal for contribution and/or indemnification, as well as contractual indemnification and breach of contract. Brixmor "incorporate[d] the allegations of [the] amended complaint, without admitting to same, and re-allege[d] them against … Allied Universal…." ***See*** Joinder Complaint, 8/15/23, ¶ 3. In support of its contribution and/or indemnification claims, Brixmor argued that Allied Universal should be held solely liable for any injuries or damages Appellant sustained. ***See id.***, ¶ 7. Alternatively, Brixmor

argued, Allied Universal is jointly and/or severally liable to Appellant, and is liable to Brixmor through contribution and/or indemnification. ***See id.***, ¶¶ 8-9. Regarding its contractual indemnification claim, Brixmor argued it contracted with Allied Universal to perform security services, and Allied Universal is contractually obligated to indemnify, defend and hold harmless Brixmor for any injuries arising from Allied Universal's performance of the contract. ***See id.***, ¶¶ 12-13.

On November 14, 2023, Allied Universal filed an answer and new matter to the joinder complaint, denying liability. Allied Universal also filed crossclaims against Brixmor.

Appellant filed a response to Brixmor's new matter. Later, Appellant also filed a response to Allied Universal's new matter and crossclaims.

Appellant did not assert any claims against Allied Universal after Brixmor filed its joinder complaint. However, Appellant began including Allied Universal as a named defendant in the caption of his *pro se* court filings.

**Discovery Matters**

During discovery, Appellant sent Brixmor a first set of interrogatories, request for production of documents, and request for admissions. Brixmor failed to respond. On November 3, 2023, Appellant filed a motion to compel Brixmor's response to his discovery requests. On November 28, 2023, the trial court granted Appellant's motion to compel Brixmor's response to the first set of interrogatories and request for production of documents. The court also

concluded "that [Brixmor] admitted all facts provided in [Appellant's] first request for admissions, due to [its] failure to respond in a timely manner[.]" Order, 11/28/23 (some capitalization modified).

On April 4, 2024, Appellant filed a motion for entry of judgment against both Brixmor and Allied Universal based on these deemed admissions.[2] Brixmor and Allied Universal each filed responses.

Also on April 4, 2024, Appellant filed a motion to compel Allied Universal's response to the first set of interrogatories and request for production of documents. Appellant did not aver that Allied Universal had failed to respond to his request for admissions. Allied Universal filed a response, indicating it had provided Appellant with a protective order, which Appellant refused to sign. Response to Motion to Compel, 4/5/24, ¶ 3. Allied Universal informed Appellant it would not produce confidential documents without an executed protective order. *Id.* Ultimately, the trial court denied Appellant's motion to compel Allied Universal's response.

On April 23, 2024, Brixmor moved to vacate the portion of the trial court's November 28, 2023, discovery order deeming certain facts admitted because of its failure to respond to Appellant's discovery requests. Brixmor

_____

[2] Appellant argued Allied Universal admitted liability by failing to respond to the first set of requests for admissions, and requested entry of judgment against Allied Universal on this basis. However, we note the trial court's order deeming certain facts admitted pertains only to Brixmor. Indeed, Appellant did not file a similar motion to compel until the date on which he filed the motion for entry of judgment.

maintained that it had, in fact, answered Appellant's request for admissions. On September 10, 2024, the trial court granted Brixmor's motion to vacate, finding Brixmor had provided verified responses to Appellant's request for admissions. On the same date, the trial court entered a separate order denying Appellant's motion for judgment based on admissions.

**Motions for Summary Judgment**

Brixmor filed a motion for summary judgment on July 1, 2024. Brixmor asserted that Appellant's claims were premised on his arguments that the mall parking lot was not properly illuminated, and was in "total darkness." Motion for Summary Judgment, 7/1/24, ¶¶ 5-6, 8, 11. Brixmor attached two photographs, which Appellant claimed he had taken at the scene of the accident. *Id.*, ¶ 14. Both photographs depict the parking lot, and clearly show illuminated lights throughout the lot. *Id.* According to Brixmor, Appellant failed to produce "evidence that any of the lights" at the mall were "switched off." *Id.*, ¶ 15. Thus, Brixmor argued, Appellant failed to produce any evidence of Brixmor's negligence or conduct which would support a claim for punitive damages. *Id.*, ¶¶ 16-17.

Allied Universal filed its own motion for summary judgment on the same date, advancing the same arguments, and attaching the same photographs. *See* Motion for Summary Judgment, 7/1/24, ¶¶ 5, 15, 17-21. Allied Universal argued, "Neither [Appellant] nor Brixmor has produced any evidence of Allied [Universal's] negligence." *Id.*, ¶ 20.

Appellant filed motions to strike Brixmor's and Allied Universal's motions for summary judgment. Additionally, Appellant filed responses opposing Brixmor's and Allied Universal's respective motions for summary judgment.

On September 10, 2024, the trial court entered an order granting Brixmor's motion for summary judgment. Appellant filed a motion for reconsideration of the summary judgment order. *Importantly, the trial court did not rule on Allied Universal's motion for summary judgment.*

**Motion for Leave to Amend**

On August 28, 2024, before the trial court granted Brixmor's motion for summary judgment, Appellant filed a motion for leave to file a second amended complaint. In particular, Appellant sought to add Allied Universal as a named party in the case caption, as well as to each cause of action alleged within the complaint. Allied Universal filed a response, arguing it was not a proper party because it was never named in any causes of action. Allied Universal asserted Appellant knew that Allied Universal was a potential named defendant at the time he filed the original complaint, but nevertheless failed to assert any causes of action against it. *See* Response to Motion to Amend, 9/11/24, ¶¶ 29-31.

On September 20, 2024, the trial court granted Appellant's motion for leave to amend his complaint, and directed Appellant to file his second amended complaint within 10 days. Appellant filed his second amended complaint on the same date.

A few days later, on September 24, 2024, the trial court entered an order vacating its September 20, 2024, order, and striking Appellant's second amended complaint. The trial court explained its order granting leave to amend was "procedurally improper," as the court had previously entered judgment in favor of Brixmor. Order, 9/24/24.

Thereafter, Appellant filed a "Motion to Reopen Erroneously Closed Case."[3] Before the trial court addressed the motion, Appellant filed a timely notice of appeal on October 7, 2024.[4] The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[5] In response, Appellant filed four separate Rule 1925(b) concise statements, one pertaining to each of the orders from which he purports to appeal. Judge Bright and Judge Roberts each filed a Rule 1925(a) opinion.

Appellant now raises the following issues for review:

1. Whether the lower court erred and/or abused its discretion by granting … Brixmor's motion for summary judgment?

_____

[3] A docket entry on September 24, 2024, reads: "ORDER ENTERED – FINAL DISPOS."

[4] After Appellant filed the instant appeal, the trial court entered orders denying Appellant's 1) motion for reconsideration of the summary judgment order; and 2) motion for reconsideration of the September 10, 2024, order vacating the portion of the discovery order relating to Appellant's request for admissions.

[5] Because multiple judges handled various portions of this litigation, two concise statement orders appear of record. On October 18, 2024, the Honorable Gwendolyn Bright filed a concise statement order. On October 22, 2024, the Honorable Joshua Roberts ordered Appellant to file a separate concise statement.

2. Whether the lower court erred and/or abused its discretion by deciding that the order that granted only [] Brixmor's motion for summary judgment also dismissed all defendants at the time when [] Allied Universal … was never dismissed from this case?

3. Whether the lower court erred and/or abused its discretion by issuing a court order [entered] September 2[4], 2024[,] that vacated the previous court order that granted leave to amend [the] complaint and also struck [the] already filed second amended complaint?

Appellant's Brief at 5 (some capitalization modified).

As an initial matter, we must determine whether we have jurisdiction. *See Gunn v. Auto. Ins. Co. of Harford, Conn.*, 971 A.2d 505, 508 (Pa. Super. 2009) ("Since we lack jurisdiction over an unappealable order[,] it is incumbent upon us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.") (citation and brackets omitted). "As a general rule, appellate courts have jurisdiction only over appeals taken from a final order." *Schmitt v. State Farm Mutual Auto. Ins. Co.*, 245 A.3d 678, 681 (Pa. Super. 2021). A final order is one that "disposes of all claims and of all parties[.]" Pa.R.C.P. 341(b)(1).

Instantly, Brixmor filed a complaint to join Allied Universal as an additional defendant.[6] We acknowledge Allied Universal's contention that

---

[6] Our Rules of Civil Produce permit a party to join additional defendants under the following circumstances:

(a) Except as provided by Rule 1706.1 [(concerning joinder of additional defendants in class actions)], any party may join as an

*(Footnote Continued Next Page)*

there are no outstanding claims against it, as Appellant never named Allied Universal in his asserted causes of action. However, after an additional defendant is joined, "[t]he plaintiff shall recover from an additional defendant found liable to the plaintiff alone or jointly with the defendant **as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability**." Pa.R.C.P. 2255(d) (emphasis added).

Since the filing of the joinder complaint, Allied Universal has fully participated in this litigation. *See, e.g.*, Answer to Joinder Complaint, 11/14/23; Response to Plaintiff's Motion to Compel, 5/5/24; Response in

---

additional defendant any person not a party to the action who may be

(1) solely liable in the underlying cause of action against the joining party, or

*Note*: The term "underlying cause of action" refers to the cause of action set forth in the plaintiff's complaint or the defendant's counterclaim.

(2) liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.

*Note*: Subdivision (a)(2) permits a joining party to join an additional defendant who may be liable over on the underlying cause of action against the joining party or jointly and severally liable with the joining party.

Pa.R.C.P. 2252(a).

- 10 -

Opposition to Plaintiff's Motion for Judgment Upon Admissions, 4/25/24; Motion for Summary Judgment, 7/1/24. From the record before us, there is no indication that the trial court ever ruled on Allied Universal's motion for summary judgment, nor has Allied Universal been dismissed from the case.[7, 8] Accordingly, we conclude the trial court's order did not dispose of all claims and all parties. *See Kovalev v. Adobe LA, LLC*, 2372 EDA 2023, 2025 WL 1380072 (Pa. Super. May 13, 2025) (unpublished memorandum) (quashing

---

[7] We acknowledge that the court's September 10, 2024, summary judgment order granted summary judgment "in favor of [Brixmor] and against all other parties." Summary Judgment Order, 9/10/24. However, though the entry of summary judgment in favor of Brixmor could arguably resolve the issue of Allied Universal's joint and several liability, in theory, it leaves open the question of whether Allied Universal is solely liable to Appellant. Moreover, because Allied Universal was joined as an additional defendant, Appellant is able to proceed with his case as if he had filed the original claims against Allied Universal. *See 202 Island Car Wash, L.P. v. Monridge Const., Inc.*, 913 A.2d 922, 927 (Pa. Super. 2006) ("[W]here the original defendant has properly joined an additional defendant according to the rules …, the plaintiff's case may proceed just as if the plaintiff filed those claims directly against the additional defendant."); *see also* Pa.R.C.P. 2255(d).

[8] We note that on August 22, 2024, Allied Universal filed a motion to dismiss pursuant to Pa.R.C.P. 229(b)(1) ("[A] discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance."). *See generally* Motion to Dismiss, 8/22/24. Allied Universal alleged that Brixmor stipulated to discontinuance of the action against Allied Universal, but that Appellant refused to provide his consent. *See id.*, ¶¶ 30-31. Allied Universal therefore sought leave of court to be removed from the case. *See id.*, ¶¶ 32-35. The trial court did not rule on Allied Universal's motion to dismiss prior to its entry of summary judgment in favor of Brixmor. However, the court ultimately dismissed the motion to dismiss, without prejudice, on October 24, 2024.

appeal from an interlocutory order where the appellant—who is also Appellant in the instant case—filed an action against a first set of defendants; appellant then filed a separate action against a second set of defendants; the second defendants filed a joinder complaint against the first defendants; and the trial court entered summary judgment only in favor of the second defendants, because the order did not dispose of all claims and all parties, *i.e.*, the first defendants).[9]  As the September 10, 2024, summary judgment order is not a final order under Pa.R.A.P. 341(b)(1), we quash the appeal.[10]

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/16/2025

_____

[9] ***See*** Pa.R.A.P. 126(b) (providing that we may consider, for persuasive value, unpublished memoranda filed after May 1, 2019).

[10] We also conclude Pa.R.A.P. 341(c) (permitting a court to make an express determination of finality upon application by a party, when "an immediate appeal would facilitate resolution of the entire case") does not permit us to exercise jurisdiction over this matter.  Judge Bright and Judge Roberts each state that the summary judgment order disposed of all claims and parties. ***See*** Trial Court Opinion (Judge Bright), 12/24/24; Rule 1925(a) Opinion (Judge Roberts), 1/9/25.  Nevertheless, there is no indication from the record that Appellant filed an application for a determination of finality under Rule 341(c).  Further, as set forth above, the resolution of Brixmor's claims did not necessarily resolve all claims against Allied Universal.