J-A25034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MATHEW CALABRO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JON SOCOLOFSKY | : | No. 945 EDA 2018 |

Appeal from the Order Entered, March 5, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  171000244.

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 22, 2019**

Mathew Calabro appeals from the trial court's order sustaining Jon Socolofsky's preliminary objection and dismissing Calabro's complaint for lack of personal jurisdiction.   Upon review, we affirm.

The relevant facts as summarized by the trial court are set forth below.

[Calabro] and [Socolofsky] were both involved with the asset management firm Delaware Investments.  [Calabro] was Chief Compliance Officer of Delaware Investments' Optimum Fund Trust ("Optimum").  Optimum is organized as a Delaware trust with offices in Philadelphia.  [Calabro] resided in Pennsylvania during his time at Delaware Investments.

[Socolofsky] served as an independent Trustee of Optimum. [Socolofsky] resides in Wisconsin and has allegedly attended at least fifty quarterly meetings in Philadelphia since 2003.  When in Philadephia [Socolofsky] allegedly conducts his trustee business at Optimum's Philadelphia offices.  [Socolofsky] allegedly earned $100,000 in fiscal year 2017 for his services to Optimum.

[Calabro] and [Socolofsky] had a poor relationship at Optimum. According to the Complaint, [Socolofsky] held a personal animus

against [Calabro] and complained to [Calabro's] supervisor about [Calabro's] work performance. To eliminate the aggravation arising from [Socolofsky's] behavior, in March, 2015, Delaware reassigned [Calabro] to a different fund known as the Macquarie Collective Funds. Around May, 2015, [Calabro] received an unscheduled raise and an increase in his annual performance bonus.

Around that time, [Calabro] was recruited by another investment company, Northern Trust Investments ("Northern Trust"), a Delaware corporation doing business in Chicago, Illinois. In August, 2015, [Calabro] resigned his position at Macquarie Collective Funds and agreed to join Northern Trust as a compliance Manager. [Calabro] relocated from Pennsylvania to Illinois and commenced employment at Northern Trust on September 30, 2015. [Calabro's] supervisor at Northern Trust allegedly said he was a great hire.

However, in October, 2015, [Calabro] met with a member of Northern Trust's legal team who told [Calabro] that someone affiliated with Optimum had informed Northern Trust that [Calabro] had been removed from Optimum because of poor work performance. On October 26, 2015, Northern Trust terminated Calabro because he had failed to disclose his role with Optimum on his resume or at any time during the interview process. [Calabro] now alleges, and [Socolofsky] admits, that [Socolofsky] placed the call that led to [Calabro's] termination from Northern Trust.

Trial Court Opinion, 6/13/18 at 1-3. (footnotes omitted).

Calabro filed a lawsuit against Socolofsky in Philadelphia County, Pennsylvania, claiming that Socolofsky intentionally interfered with his employment relationship with Northern Trust, and seeking damages from him. Socolofsky filed preliminary objections to the complaint, contending, in relevant part, that the trial court lacked personal jurisdiction over him because he was domiciled in Wisconsin, and none of the relevant acts occurred in

Pennsylvania.[1]  The trial court concluded that it had neither general personal jurisdiction nor specific personal jurisdiction over Socolofsky.  Consequently, by order dated March 5, 2018, the trial court sustained Socolofsky's preliminary objection and dismissed Calabro's complaint.

Calabro timely filed his notice of appeal on March 23, 2018.  Both Calabro and the trial court complied with Pa.R.A.P. 1925.  Calabro raises two issues on appeal:

1. Did the trial court err in concluding that it lacked specific personal jurisdiction over Socolofsky notwithstanding the fact that Calabro's claims arise out of Socolofsky's substantial business contacts with the Comonwealth of Pennsylvania?

2. Did the trial court err in concluding that Calabro was not a Pennsylvania resident and citizen of the Commonwealth of Pennsylvania at the time that Socolofsky interfered with Calabro's employment, thereby erroneously concluding that Socolofsky's intentional conduct was not directed at a resident of the Commonwealth of Pennsylvania?

*See* Calabro's Brief at 3-4.

Our standard of review in an appeal from an order granting preliminary objections challenging the exercise of *in personam* jurisdiction is as follows:

---

[1] Socolofsky also filed a preliminary objection in the nature of a demurrer claiming that Pennsylvania does not recognize a cause of action for intentional interference of an at-will employment relationship.  However, because the trial court determined that it lacked personal jurisdiction, it did not rule on the demurrer.  Although Socolofsky argued this issue in the event that we concluded that the trial court had personal jurisdiction over Socolofsky, it was not properly raised as an issue on appeal, and therefore, we do not address it.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of a claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

Moreover, when deciding a motion to dismiss for lack of personal jurisdiction[,] the court must consider the evidence in the light most favorable to the non-moving party. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion. Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it.

*Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 889 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1282 (Pa. 2013) (citations omitted). Courts must resolve the question of personal jurisdiction based on the circumstances of each particular case. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

In his first issue on appeal, Calabro challenges the trial court's conclusion that it lacked specific personal jurisdiction over Socolofsky. Calabro contends that Socolofsky engaged in three of the activities set forth in 42 Pa.C.S.A. section 5322(a), Pennsylvania's long-arm statute governing specific jurisdiction and permitting the trial court to exercise personal jurisdiction over Socolofsky: 1) the doing business provision, section 5322(a)(1); 2) the tort provision, section 5322(a)(4), and 3) the trust

provision, section 5322(a)(7).[2] Calabro's Brief at 19-22. Additionally, Calabro

claims that his cause of action for tortious interference arose out of

Socolofsky's Pennsylvania related activities, as required under 42 Pa.C.S.A.

_____

[2] 42 Pa.C.S.A. section 5322 provides in pertinent part:

   **a) General rule.--**A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

   (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

   (i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

   (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

   ***

   (4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

   ***

   (7) Accepting election or appointment or exercising powers under the authority of this Commonwealth as a:

   ***

      (iii) Trustee or other fiduciary.

section 5322(c), because he was a paid trustee for Delaware Investments with offices in Philadelphia and traveled there for quarterly meetings, at one of which Calabro was allegedly removed from his position with Optimum.[3] Calabro's Brief at 19-22.

The trial court found that Socolofsky did not engage in any of the activities as claimed by Calabro to establish personal jurisdiction over Socolofsky. Trial Court Opinion, 6/13/18 at 4. Consequently, the trial court concluded that it did not have personal jurisdiction over Socolofsky, sustained Socolofsky's preliminary objection, and dismissed Calabro's complaint. *See id.* at 8.

After a thorough review of the record, the briefs of the parties, the applicable law, and the opinion of the Honorable Patricia A. McInerney, we agree with the trial court that it did not have personal jurisdiction over Socolofsky. The trial court opinion comprehensively analyzes the applicability of sections 5322(a)(1) and 5322(a)(7) to the particular circumstances of this case. Thus, thus we adopt Judge McInerney's opinion as our own, and further

---

[3] 42 Pa.C.S.A. section 5322(c) provides in pertinent part:

> When jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising from acts enumerated in subsection (a) . . . may be asserted against him.

discussion of Calabro's first issue in relation to these sections of the long-arm statute is not necessary.[4]

Judge McInerney also considered the applicability of section 5322(a)(4) to the particular circumstances of this case. However, because the trial court's determination regarding the applicability of section 5322(a)(4) was based in part on Calabro's second appellate issue regarding his residency, and the trial court did not address it separately, we briefly expound upon the trial court's analysis of section 5322(a)(4) in connection with the issue of Calabro's residency.

In his second issue on appeal, Calabro claims that the trial court erred in concluding that he was not a resident of Pennsylvania at the time of Socolofsky's alleged tortious interference, and therefore, Socolofsky caused no injury or harm in Pennsylvania to confer jurisdiction under section 5322(a)(4). Calabro's Brief at 22-23. According to Calabro, the evidence of record regarding his residency was set forth in his supporting affidavit to his preliminary objections which showed that he was a Pennsylvania resident at all times. *Id.* at 15. Viewing this in a light most favorable to Calabro as the trial court is required to do, the trial court should have found that he was a Pennsylvania resident. Thus, because he was a resident of Pennyslvania, Calabro contends that Socolofsky's tortious conduct was aimed at

_____

[4] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

Pennsylvania, thereby conferring jurisdiction over Socolofsky in Pennsylvania. *Id.* We disagree.

The trial court found that Socolofsky did not cause harm or injury in Pennsylvania under section 5233(a)(4). In part, the trial court based this conclusion on the fact that, Calabro relocated to Illinois for his new employment at Northern Trust, and then moved back to Pennsylvania after he was terminated. *See* Trial Court Opinion, 6/13/18 at 6-7. In reaching this conclusion, the trial court relied upon an opinion from the Illinois court where Calabro sought pre-suit discovery in this matter. The Illinois court relied upon Calabro's averment in his petition for pre-suit discovery and determined that Calabro had relocated to Illinois. Socolofsky attached this opinion to his reply brief. *Id.* This specifically contradicts the affidavit Calabro submitted in response to Socolofsky's preliminary objections, where Calabro averred that he had been a Pennsylvania resident since 2011. He further averred that he had not established residence or citizenship in Illinois. At all times, he claimed that he and his family continued to maintain their home and residency in Pennsylvania.

Generally, when considering preliminary objections, a trial court is required to admit as true all material facts set forth in the pleadings as well as all inferences reasonably deducible therefrom. *Schemberg v. Smicherko*, 85 A.3d 1071 (Pa. Super. 2014). However, "[w]hen a defendant challenges the court's assertion of personal jurisdiction, that defendant bears the burden of supporting such objections to jurisdiction *by presenting evidence*." *De*

***Lage Landen Servs., Inc. v. Urban P'ship, LLC***, 903 A.2d 586, 590 (2006) (emphasis added). Thus, where the issue of personal jurisdiction is raised, it is contemplated that affidavits or other evidence will be presented. ***Id.*** Consequently, it was appropriate for the trial court to consider the Illinois court documents as evidence.

The evidence of record regarding Calabro's residency conflicts. Although the trial court is required, when deciding a motion to dismiss for lack of personal jurisdiction, to consider the evidence in the light most favorable to the non-moving party, as Calabro argued, "[w]here there is an issue of fact, the court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing." ***Nutrition Management Servs. v. Hinchcliff***, 926 A.2d 531, 535 (Pa. Super. 2007); ***see also De Lage Landen Servs., Inc.***, 903 A.2d at 590. This was not done.

However, Calabro's residency alone is not determinative of personal jurisdiction over Socolofsky. "Merely alleging that a non-resident committed an act or omission in another jurisdiction that caused harm to a Pennsylvania resident is insufficient." ***Nutrition Management Servs.***, 926 A.2d at 539. Thus, even if the trial court had taken evidence as required, and determined that Calabro was a Pennsylvania resident as he claims, the conclusion that the trial court did not have personal jurisdiction over Socolofsky would remain unchanged.

For intentional torts, such as the one alleged here, courts have applied the "effects test" established by *Calder v. Jones*, 465 U.S. 83 (1984), to determine whether there is personal jurisdiction. *See IMO Indus., Inc. v. Keikert AG*, 155 F.3d 254 (3d Cir. 1998); *Element Fin. Corp. v. ComQi, Inc.*, 52 F. Supp. 3d 739, 748 (E.D. Pa. 2014).[5]  The *Calder* effects test requires the plaintiff to show that:

> (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum state such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort; and (3) the defendant expressly aimed his tortious conduct at the forum state such that the forum can be said to be the focal point of the tortious activity.

*IMO Indus., Inc.* at 265-266.  To satisfy the third prong of this test, a plaintiff must show that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* at 266.

The trial court applied this test to conclude that it could not exercise personal jurisdiction over Socolofsky under section 5322(a)(4) given the particular circumstances of this case.  Applying this test, the trial court correctly concluded that "Pennsylvania was not the target of the intentionally tortious activity, nor was it the focal point of the harm suffered by plaintiff."

_____

[5] We note "decisions of the federal district courts . . . are not binding on Pennsylvania courts. . . ." *Kubik v. Route 252, Inc.*, 762 A.2d 1119, 1124 (Pa. Super. 2000) (citation omitted).  Nevertheless, these decisions are persuasive authority and helpful in our review of the issue presented.

Trial Court Opinion, 6/13/18 at 6. Rather, the activities were directed to Illinois: the state where Calabro started his new employment; the state where his new employer was located; the state to which Socolofsky made the phone call betraying Calabro; and the state where Calabro was terminated. Therefore, considering all of the relevant circumstances, we agree with the trial court's analysis of the applicability of section 5322(a)(4) to the particular circumstances of this case, and its conclusion that it lacked personal jurisdiction over Socolofsky.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/19