J-A15014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| JACOB G. PIFER, MARY LOUISE RUFFNER AND RAYMOND PIFER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SNYDER BROTHERS, INC., GREYLOCK CONVENTIONAL, LLC, GREYLOCK PRODUCTION, LLC, SENECA-UPSHUR PETROLEUM, LLC, DIVERSIFIED PRODUCTION, LLC, BAKER GAS, INC., ALLEGHENY MINERAL CORPORATION, AND GLACIAL SAND AND GRAVEL COMPANY | : | No. 1323 WDA 2022 |
| | : | |
| | : | |

APPEAL OF: JACOB G. PIFER

Appeal from the Order Entered September 2, 2022
In the Court of Common Pleas of Armstrong County Civil Division at
No(s):  No. 2022-0646-CIV

| | | |
|---|---|---|
| JACOB G. PIFER, MARY LOUISE RUFFNER, AND RAYMOND PIFER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SNYDER BROTHERS, INC., GREYLOCK CONVENTIONAL, LLC, GREYLOCK PRODUCTION, LLC, SENECA-UPSHUR PETROLEUM, LLC, DIVERSIFIED PRODUCTION, LLC, BAKER GAS, INC., ALLEGHENY MINERAL CORPORATION, AND GLACIAL SAND AND GRAVEL COMPANY | : | No. 1324 WDA 2022 |
| | : | |
| | : | |

APPEAL OF: JACOB G. PIFER

J-A15014-23

Appeal from the Order Entered October 12, 2022
In the Court of Common Pleas of Armstrong County Civil Division at
No(s): No. 2022-0646-CIV

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED: JUNE 26, 2023**

Jacob G. Pifer (Appellant)[1] appeals from the trial court's order sustaining the preliminary objections filed by Snyder Brothers, Inc. (Snyder), Baker Gas, Inc., Allegheny Mineral Corporation, and Glacial Sand and Gravel Co. (the Snyder and Baker defendants) and dismissing several counts of a multi-count complaint with prejudice.[2] Appellant additionally appeals the trial court's October 12, 2022, order, entered following the grant of reconsideration, which ultimately rejected Appellant's challenge to the constitutionality of Pennsylvania's Guaranteed Minimum Royalty Act (GMRA), **see** 58 P.S. § 33.3. We quash the appeal.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The remaining plaintiffs, Mary Louise Ruffner and Raymond Pifer, did not join Appellant's notice of appeal or appellate brief.

[2] Defendants Greylock Conventional, LLC, and Greylock Production, LLC (collectively, Greylock), did not join the preliminary objections filed by the Snyder and Baker defendants. On December 5, 2022, the parties stipulated to voluntarily discontinuing the actions against Diversified Production, LLC, and Seneca-Upshur Petroleum, LLC.

- 2 -

The trial court provided the following summary of facts in the light most favorable to the plaintiffs, Pifer, Mary Louise Ruffner and Raymond Pifer (collectively, the Pifers or plaintiffs), as the non-moving parties:[3]

> [The Pifers] own approximately 141 acres of land, including the rights to the oil and gas underneath them. In 1983, their predecessors in interest, Sarah Pifer and Cyrus Pifer, signed an oil and gas lease with Kepco, hereafter the "1983 lease". It provided for a 1/8[FN] royalty, calculated at the point of sale. It allow[ed] for the lessee to use oil and gas recovered from the land in its production operations. There is a typed provision in the lease concerning pooling and unitization rights, but it was crossed out in pen and initialed by the parties signing it. There are other references to pooling and unitization rights, but those were not crossed out. Kepco assigned their interest in the lease to other parties and those interests eventually became vested in the [the Snyder and Baker defendants, as well as the remaining defendants].

> _____
>
> [FN] 1/8 is the same as 12.5%. [The trial court] uses both terms interchangeably.
>
> _____

> Sarah Pifer also signed an oil and gas lease with Snyder Brothers in 1990, hereafter, the "1990 lease". The purpose of this lease was to allow Snyder Brothers to rework, recondition, produce, and maintain existing abandoned and non-producing wells on the property, but not to drill any new ones. The lease provided for a 1/8 royalty, calculated at the wellhead[,] and allows for the deduction of taxes and reasonable costs of the lessee. It also allows the lessee to use water, oil, and gas and other materials from the property for operating purposes and for repressuring.

_____

[3] "[W]hen considering preliminary objections, a trial court is required to admit as true all material facts set forth in the pleadings as well as all inferences reasonably deducible therefrom." **Calabro v. Socolofsky**, 206 A.3d 501, 507 (Pa. Super. 2019).

In 2020, the [Pifers] and Snyder Brothers discussed the possibility of modifying the 1983 lease to allow unitization and pooling for Marcellus Shale depths only. The lease was never formally amended to allow for the pooling and unitization of the property. Snyder Brothers filed a declaration in 2021 creating a unit which includes the Plaintiffs['] property.

In response to this development, the [Pifers] filed a lawsuit alleging quiet title, ejectment and mesne damages, trespass, conversion, breach of contract, and violations of the United States and Pennsylvania Constitutions….

Trial Court Opinion, 9/2/22, at 2-3 (footnote in original).

The complaint alleged twelve counts:

Count I:     Quiet Title (against all defendants)

Count II:    Ejectment and Mense Damages (against all defendants)

Count III:   Trespass (against Snyder)

Count IV:    Conversion (against Snyder)

Count V:     Trespass (against Greylock)

Count VI:    Conversion (against Greylock)

Count VII:   Breach of Contract (against Snyder)

Count VIII:  Declaratory Judgment (against all defendants)

Count IX:    Quiet Title (against Snyder and Baker defendants)

Count X:     Ejectment and Mense Damages (against Snyder and Baker defendants)

Count XI:    Trespass (against Snyder and Baker defendants)

Count XII:   Conversion (against Snyder and Baker defendants)

Complaint, 5/20/22. The Snyder and Baker defendants filed preliminary objections challenging the legal sufficiency to all but Counts V and VI of the Pifers' complaint. Greylock did not file preliminary objections but filed an answer and new matter on August 19, 2022.

On September 2, 2022, the trial court issued a memorandum opinion and order dismissing with prejudice Counts I, II, III, IV, VII, IX, X and XI). **See** Trial Court Opinion and Order, 9/2/22. Appellant filed a motion for reconsideration on September 19, 2022. The next day, the trial court granted reconsideration only as to Count VIII of the complaint, Appellant's constitutional challenge to the GMRA. On October 12, 2022, the trial court again dismissed with prejudice Count VIII of the complaint. Trial Court Order, 10/12/22. The trial court concluded that the GMRA did not "impair" the 1983 and 1990 leases, as the leases are silent with respect to pooling and unitization. Trial Court Supplemental Opinion, 10/12/22, at 2.

On October 13, 2022, Greylock filed a motion for judgment on the pleadings. However, Appellant timely filed notices of appeal of the trial court's September 2, 2022, and October 12, 2022, orders.[4] The trial court stayed Greylock's motion for judgment on the pleadings pending this appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925. The appeals are consolidated for our review.

---

[4] On December 30, 2022, Appellant filed with this Court a copy of the notice of constitutional challenge directed to Pennsylvania's Attorney General.

Before addressing the issues raised by Appellant, we first consider whether the appeal is properly before this Court. **See Stahl v. Redcay**, 897 A.2d 478, 485 (Pa. Super. 2006) (the "appealability of an order goes directly to the jurisdiction of the Court asked to review the order." (citation omitted)). Generally, appellate courts have jurisdiction only over appeals taken from a final order. **In re Bridgeport Fire Litigation**, 51 A.3d 224, 229 (Pa. Super. 2012). Pennsylvania Rule of Appellate Procedure 341 provides an appeal may be taken from a final order. Pa.R.A.P. 341(a). A final order "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).

> As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. In adhering to this policy, the courts have sought to avoid piecemeal litigation.

**Bombar v. West Am. Ins. Co.**, 938 A.2d 78, 85 (Pa. Super. 2007) (citation omitted).

Rule 341 further authorizes an appeal where the trial court has issued a determination of finality. Pa.R.A.P. 341(b)(3), (c). The Rule explains:

> **(c) Determination of finality.--** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c).

On December 28, 2022, this Court issued a rule to show cause why the instant appeal should not be quashed. Appellant responded to the rule on January 5, 2023. Appellant claims the trial court's orders

> disposed of all claims against all parties and put the plaintiffs out of court because those orders were based on findings the Trial Court made as a matter of law that mooted the plaintiffs' operative theory against all parties. That placed the plaintiffs "out of court", with nothing left to adjudicate in the Trial Court. It is therefore submitted that this appeal was, and is, timely and proper.

Appellant's Response to Rule, 1/5/23, at 2.

Appellant asserts that the counts dismissed by the trial court "are all predicated on the 1983 Lease being invalid and not conferring any oil and gas development rights because it violated the GMRA." *Id.* at 7. According to Appellant, his remaining claims against Greylock and the other defendants are "wholly contingent on the 1983 Lease being invalid under the GMRA." *Id.* In his docketing statement, Appellant additionally claimed his appeal is taken from an order disposing of a request for declaratory judgment.

By letter to this Court dated January 11, 2023, Greylock disagreed with Appellant's claim regarding the appealability of the trial court's order:

> **Greylock was not a party before the [trial court] on Preliminary Objections** which were disposed of by Order of September 2, 2022. Rather, Greylock filed an Answer to [the Pifers'] Complaint and thereafter a Motion for Judgment on the Pleadings relative to the claims against Greylock and based upon the [trial court's] September 2, 2022, [order] sustaining the other [the Snyder and Baker defendants'] Preliminary Objections to any and all counts involving Greylock. Greylock's Motion for Judgment on the Pleadings was scheduled for Oral Argument and briefed by both sides. However, upon the taking of the instant appeal(s)[,] Oral Argument was canceled because the trial court viewed it[s]

- 7 -

> jurisdiction as usurped. Accordingly, no disposition was made as to Greylock's Motion for Judgment on the Pleadings. Thus, the trial court's September 2, 2022 Order is not a "final order" which disposes of all claims and all parties in accordance with Pa.R.A.P. 341(b)(1). **Greylock's Motion for Judgment on the Pleadings remains pending – a fact to which [Appellant's] Counsel is aware**. Given the lack of disposition as to Greylock, I cannot concur with [Appellant's] Counsel.

Greylock's Response to Rule, 1/11/23 (emphasis added).

On its face, the trial court's order did not dispose of all claims of all parties, as the counts against Greylock remain pending before the trial court. The trial court issued no express determination "that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). Although Appellant appears to argue a controlling question of law that would facilitate resolution of the entire case, he did not seek a determination of finality from the trial court, as required by Rule 341(c). Accordingly, the trial court's order is not appealable as a final order under Rule 341.

Our Supreme Court, as well as this Court, has recognized that certain interlocutory orders involving declaratory judgment claims may be appealable as of right. *See Pennsylvania Manufacturers' Ass'n. Ins. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396, 399 (Pa. 2018) (*per curiam*); *Schmitt v. State Farm Mutual Automobile Ins. Co.*, 245 A.3d 678, 681 (Pa. Super. 2021). However, appeal of an interlocutory declaratory order is not an "automatic" right. *Schmitt*, 245 A.3d at 684-85.

Our Supreme Court "provided a rather straightforward two-part test for appellate courts to apply when considering whether an order declaring the

rights of parties is final and appealable[.]" ***Pennsylvania Manufacturers'***

***Ass'n Ins. Co.***, 188 A.3d at 399. Specifically, we must determine:

> (1) what is the effect of the lower court's decision on the scope of the litigation; and (2) what practical effect does the court's decision have on the ultimate outcome of the case….

***Schmitt***, 245 A.3d at 685 (quoting ***Pennsylvania Manufacturers' Ass'n***

***Ins. Co.***, ***supra***, 188 A.3d at 399-400). "[A]n order in a declaratory

judgment action, which merely dismisses one or some of several alternative

theories for relief without ultimately deciding the case, is not appealable under

Rule 341." ***United States Orgs. for Bankr. Alts., Inc. v. Dep't of Banking***,

26 A.3d 474, 478 (Pa. 2011) (citing ***Pa. Bankers Ass'n v. Pa. Dep't of***

***Banking***, 948 A.2d 790, 798 (Pa. 2008)).

Appellant's declaratory judgment count sought a declaration that the

GMRA, as applied in this case, unconstitutionally impaired Appellant's oil and

gas leases. Complaint, Count VIII. The trial court resolved this issue as

follows:

> [The Snyder and Baker defendants] argue that the constitutional issue **could only arise** if an existing contractual right is impaired, and that since the lease is silent with respect to pooling and unitization[,] there is no existing contractual right. [Appellant] counter[s] that there must have been a contractual right, because an oil and gas lease is a contract.
>
> Although an oil and gas lease is a contract, there is not within this contract any contractual obligation regarding pooling and unitization. [Appellant] continue[s] to maintain that the deletion of the pooling and unitization clause has the effect of an express prohibition. But the [trial c]ourt has rejected that argument and so this lease falls within the purview of [the GMRA]. In short, the constitutional argument must fail because [the

GMRA] does not "impair" the terms that were agreed to in the lease….

Trial Court Supplemental Opinion, 10/12/22, at 2 (emphasis added). Thus, the constitutional issue had no bearing on the outcome of the case and did not narrow the scope of the litigation. *See Schmitt*, 245 A.3d at 685.

Finally, we point out that Appellant's declaratory judgment issue dismissed only one of many alternate theories. As Appellant explained in response to this Court's rule to show cause, the complaint sought alternative theories for relief:

> Counts I through VI of the Complaint were principally premised on the overarching claim that **the 1983 Lease was invalid** because it violated the GMRA. Therefore, the 1983 Lease should be designated as invalid in the public records (Count I, quiet title), the parties claiming rights in/participating in oil and gas development on or under the Subject Property under the 1983 Lease should be ejected (Count II, ejectment)[,] and the plaintiffs were entitled to damages for unauthorized oil and gas extraction from the Subject Property (Counts III through VI, trespass and conversion).
>
> A subsidiary alternative theory, associated with [] Counts II, III, and IV, was that **even if the 1983 Lease was valid**, … oil and gas development and production activities undertaken pursuant to pooling and unitization activities were unauthorized by the 1983 Lease[,] and that the party engaging in oil and gas development via pooling and unitization, Snyder Brothers, Inc., should be ejected from the Subject Property (Count III) and was liable for trespass and conversion damages associated with its oil and gas production via the unauthorized pooling and unitization (Counts III and IV).
>
> Along these lines, **Counts VII, and VIII take the position that if the 1983 Lease was valid** (*i.e.*, it did not violate the GMRA), oil and gas development via pooling and unitization were not authorized. Count VII (Breach of Contract) asserts that Snyder Brothers, Inc.'s pooling and unitization activities under the 1983

- 10 -

Lease breached that contract. Count VIII (Declaratory Judgment) seeks a judicial declaration that 53 P.S. 34.1 is an unconstitutional impairment of oil and gas lease contracts, because it purports to allow pooling and unitization of oil and gas properties under lease as long as the lease does not expressly prohibit pooling and unitization, thereby overriding the parties' bargained-for exchange in the original lease.

**Counts IX through XII are based on the premise that the 1990 Lease was invalid, void and inoperative** because it violated the GMRA, thereby conferring no rights to oil and gas development. That rendered ongoing oil and gas development to be unlawful. Therefore, the 1990 Lease should be designated as invalid in the public records (Count IX, Quiet Title), the parties claiming/participating in oil and gas development on or under the Subject Property under the 1990 Lease should be ejected (Count X, Ejectment) and the plaintiffs were entitled to damages for unauthorized oil and gas extraction from the Subject Property (Counts XI and XII, trespass and conversion).

Response to Rule at 5 (emphasis added).

As the trial court's order ruling on the declaratory judgment dismissed one of several alternative theories for relief, but did not ultimately decide the case, we conclude the it is not an appealable interlocutory order. *See Schmidt*, 245 A.3d at 685-86 (recognizing the interlocutory nature of a trial court's order that decided a declaratory issue, but left the damages issue unresolved). For these reasons, we quash the appeal.[5]

---

[5] While the trial court's order arguably applies to the causes of action against Greylock, the procedural posture of this case bars Greylock from participating in the instant appeal. Greylock's motion for judgment on the pleadings remains pending before the trial court. Further, not all plaintiffs joined Appellant in this appeal. An appeal at this stage in the proceedings would result in the piecemeal litigation our rules are designed to avoid. *See Pennsylvania Manufacturers' Ass'n. Ins. Co., Inc.*, 188 A.3d at 400 (emphasizing the "well-founded policy against piecemeal litigation.").

- 11 -

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2023